# In the United States Federal Court of Claims

William Joseph Mooney, *In propria persona*; and )
Joni Therese Mooney, *In propria persona*, )
                                               )
            **Plaintiffs,**         ) **Case No. 1-19-cv-987 PEC**
                                                 )
v.                                               ) **Judge Patricia E. Campbell—Smith**
                                                 )
**THE UNITED STATES a/k/a "UNITED** )
**STATES OF AMERICA"** )
                                                 )
            **Defendant,**         )

---

### Expedited Motion for Stay of Judgement and Stay of Eviction

Comes Now, William Joseph Mooney, *in propria persona* and Joni Therese Mooney, *in propria persona* ("Mooneys") with this **Expedited Motion for Stay of Judgment and Stay of Eviction** against the "UNITED STATES" a/k/a "UNITED STATES OF AMERICA." ("US/USA").[1]

### Table of Contents

I. History ............................................................................................................................1

II. Mooneys Have Been Knowingly and Intentionally Denied a Trial Arising Under Article III Sections 1 and 2 Exercising the "Judicial Power of the United States" in "all Cases in Law, and Equity." ..................................................................................................................4

   A. United States District Courts are Article I Section 8 Clause 9 "Legislative Courts" ...........4

   B. 28 U.S.C. § 1331 is a CON Disguising and Denying the Mooneys A bona fide Article III Section 1 and 2 Court of the United States ..............................................................6

---

[1] Judge **NELSON** HELD that the "UNITED STATES" and "UNITED STATES OF AMERICA" are exactly the same. Briefed In Complaint.


Received - USCFC

JUL 24 2019

C.  Congress Can't Withdraw From judicial Cognizance any Subject From its Nature of a Suit of Common Law or In Equity or Admiralty. ......................................................................6

D.  "Due Process of Law" and "By the Law of the Land" ........................................................8

E.  Common Law Rules and Equity. ........................................................................................9

    a.  New Evidence. .............................................................................................................12

    b.  Lack of Jurisdiction ....................................................................................................12

III.  "United States" and the "United States of America" are the Same Thing per NELSON ......13

    A.  In 1913 Suddenly the "United States of America is a Sovereign Body Politic" as the Plaintiff and Defendant in the "District Court of the United States." .......................................13

    B.  United States of America Can Be Sued Under 5 U.S.C. § 702 ............................................15

    C.  United States of America is an agency of the United States. ................................................16

    D.  Sovereign Power is Posited in the People of These United States. .....................................16

    E.  The Government can Claim No Power Which are not Granted by the Constitution of the United States. ...........................................................................................................................17

IV.  Conclusion ...........................................................................................................................20

V.  Verified Affidavit of William Joseph Mooney .......................................................................1

VI.  Verified Affidavit of Joni Therese Mooney ...........................................................................1

VII.  Certificate of Service ...........................................................................................................1

**Table of Authorities**

## Cases

*1 Woods*, 308 ..................................................................................................................................19

*1 Woods*, 308 ...........................................................................................................................19, 20

*Ableman v. Booth*, 21 How. 503 ...................................................................................................19

*Ableman v. Booth*, 21 How. 506 ...................................................................................................19

*Andrews v. Auditor*, 28 Grat. 121 .................................................................................................19

*Astor v. New York*, 37 N.Y.Super. 560 .........................................................................................20

*Axman case,* 48 C. Cls. 376 ...................................................................................................10

*Axman v. United States*, 48 Ct.Cl. 376, 379 (Fed.Ct.Cl. 1913) ...........................................9

*Baker v. Wise,* 16 Grat. 139 ..................................................................................................20

*Bald. 424; Fox v. Ohio,* 5 How. 434......................................................................................20

*Bank of Commerce v. N.Y. City,* 2 Black, 620 ......................................................................19

*Bank Tax Case,* 2 Wall. 200 ..................................................................................................19

*Barker v. People,* 3 Cow. 686................................................................................................20

*Barron v. Baltimore,* 7 Pet. 250.............................................................................................20

*Bradwell v. State.* 16 Wall. 130.............................................................................................19

*Briscoe v. Bank of Ky.* 11 Pet. 257........................................................................................19

*Brown v. Maryland,* 12 Wheat. 419.......................................................................................19

*Bryan v. State,* 4 Iowa, 349....................................................................................................20

*Bullock's case,* (cited 6 Pet. 485, note.).................................................................................9

*Burgess v. Gray,* 16 How. 48...................................................................................................7

*Bush, Receiver,* v. *United States,* 55 C. Cls. 485.................................................................10

*Cherokee Nation v. Georgia,* 5 Pet. 1 ...................................................................................18

*Collector v. Day,* 11 Wall. 113..............................................................................................19

*Colt v. Eves,* 12 Conn. 243 ....................................................................................................20

*Com. v. Hitchings,* 71 Mass. 482...........................................................................................20

*Com. v. Pomeroy, Id.* 486......................................................................................................20

*Dartmouth College Case,* 4 Wheat. 518................................................................................18

*Davidson v. New Orleans,* 96 U.S. 97....................................................................................20

*Dobbins v. Erie Co.* 16 Pet. 435............................................................................................19

*Eastern Metals Corporation v. Martin*, 191 F.Supp. 245, 248 (S.D.N.Y. 1960) ............4, 6, 12, 14

*Edwards v. Elliott*, 21 Wall. 557 ...........................................................................................20

*Edye v. Robertson*, 18 F. 135, 142-144 (Cir.Ct.E.D.N.Y. 1883) ...................................................18

*Electric Boat Co. v. United States*, 55 CT.Cl. 497, 498 (Fed.Ct.Cl. 1920) ....................................12

*Ex parte Stephens*, 70 Mass. 559 ...........................................................................................19

*Fifield v. Close*, 15 Mich. 505 ...............................................................................................19

*Florida Power and Light Co. v. United States*, 66 Fed.Cl. 93, 96 (Fed.Ct.Cl.) ............................11

**FN7** *Ohio Life Ins. & T. Co. v.* Debolt, 16 How. 428 ...............................................................19

*Foley v. Harrison*, 15 How. 433 ...............................................................................................7

*Folsom v. U.S.* 4 Ct.Cl. 366 ....................................................................................................20

*Frasher v. State*, 3 Tex.Ct.App. 273 ........................................................................................19

Fru–Con Construction Corp. v. United States,44 Fed.Cl. 298, 301 (1999) ...................................11

*Gibbons v. Ogden*, 9 Wheat. 1 ...............................................................................................19

*Goodman v. United States of America*, Appellate Brief, (10th Cir. 2006 – 05-1440)....................16

*Goodrich case*, 48 C. Cls. 61 ..................................................................................................10

*Government Systems advisors, Inc. v. United States*, 25 Ct.Cl. 554, 554 (Fed.Ct.Cl. 1990) ........11

*Graham and Waterman*, p. 1021. (*Silvey's Case*, 7 C. Cls. R., 308.) ..........................................12

*Green v. Biddle*, 8 Wheat. 1 ...................................................................................................18

*Hayburn's Case*, 2 Dall. 409, note ..........................................................................................19

*Henry v. United States*, 15 C. Cls. R., 162 .................................................................................9

*Hill v. State*, 53 Ga. 472.........................................................................................................20

*Hylton v. U.S.* 3 Dall. 171 ......................................................................................................20

*Innovair Aviation, Ltd. V. United States*, 83 Fed.Cl. 105, 107 (Fed.Ct.Cl. 2008)........................11

*Jackson v. Wood*, 2 Cow. 819................................................................................................20

*James v. Com.* 12 Serg.& R. 220; *Lincoln v. Smith*, 27 Vt. 328.....................................20

*Keeton Corrections, Inc. v. United States*, 69 Fed.Cl. 251, 253 (Fed.Ct.Cl. 2004) ....................12

*Kelly v. Pittsburgh*, 104 U.S. 79 .........................................................................................20

*Kilbourn v. Thompson*, 103 U.S. 168 .................................................................................19

*King v. United States,* 31 Ct.Cl. 304, 306 (U.S.Ct.Cl. 1896) ...........................................9

*Klamath Irr. Dist. v. United States*, 68 Fed.Cl. 119, 120, (Fed.Ct.Cl. 2005) ................................10

*Lane Co. v. Oregon*, 7 Wall. 76 .........................................................................................19

*Lee v. Tillotson*, 24 Wend. 337 ..........................................................................................20

*Legal-tender Cases*, 12 Wall 534 .......................................................................................19

*Legal-tender Cases*, 12 Wall. 535 ......................................................................................20

*Livingston v. Mayor*, etc., 8 Wend. 85 ..............................................................................20

*Livingston v. Moore*, 7 Pet. 469.........................................................................................20

*Local initative Health Authority for L.A. County v. United States*, 142 Fed.Cl. 1, 20 (Fed.Ct.Cl.
    2019)..............................................................................................................................10

*Low v. Cent. Pac. R. Co.* 52 Cal. 63. ................................................................................19

*Lucas v. S.C. Coastal Council*, 505 U.S. 100................................................................10

*Lynah v. United States*, 106 F. 121 (C.C.S.C.1901).........................................................9

*Mallinckrodt Inc. v. United States Food and Drug Administration , et al*, 2015 WL 13091366, 8-
    14-cv-3607 (D.Maryland 2014) Dkt. 47.............................................................................16

*Maritrans, Inc. v. United States*, 342 F.3d 1344, 1352 (Fed. Cir. 2003) (citing *Bd. of Regents of
    State Colls. v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)) ....................10

*Martin v. Hunter's Lessee*, 1 Wheat 325 ...........................................................................18

*Martin v. Hunter's Lessee*, 14 U.S. 304, 324-325 (1816 .................................................................17

*Martin v. Hunter's Lessee*, 14 U.S. 304, 325-326 (1816) ...............................................................17

*Matt. of Smith*, 10 Wend. 449 ...........................................................................................................20

*McCollum v. United States*, 33 Ct.Cl. 469, 472 (Fed.Ct.Cl. 1898) ................................................12

*McCulloch v. Maryland*, 4 Wheat. 316 ......................................................................................18, 19

*McKay case*, 30 C. Cls. 1 .................................................................................................................10

*Metrop. Bank v. Van Dyck*, 27 N.Y. 407 ........................................................................................19

*Metrop. Bank v. Van Dyck*, 27 N.Y. 411 ........................................................................................19

*Metropolitan Bank v. Van Dyck*, 27 N.Y. 400 ................................................................................19

*Minnesota Mining Co. v. National Mining Co.*, 70 US. 332 (1865) .................................................7

*Monroe case*, 37 C. Cls. 79 ...............................................................................................................10

*Murphy v. People*, Id. 815 ................................................................................................................20

*Murray's Lessee v. Hoboken Land & Improvement Co.*, 59 U.S. 272, 18 How. 272, 284, 15 L.Ed.
   372 (1856)......................................................................................................................................8

*Murray's Lessee v. Hoboken Land & Improvement Co.*, 59 U.S. 272, 276, 279-280 (1855) ..........8

*Murray's Lessee v. Hoboken Land & Improvement Co.*, 59 U.S. 272, 284-285 (1956) ..................7

*Nat. Bank v. Com.* 9 Wall. 353 ........................................................................................................19

*Newell v. People*, 7 N.Y. 93 .............................................................................................................19

*North Mo. R. Co. v. Maguire*, 20 Wall. 46; 49 Mo. 490 ................................................................20

*Northern Pipeline*, 458 U.S., at 58, 102 S.Ct. 2858 (plurality opinion)............................................8

*Northern Pipeline*, 458 U.S., at 90, 102 S.Ct. 2858 (Rehnquist, J., concurring in judgment) ........8

*Nourse's case*, 4 Cranch, C. C. R. 151 .............................................................................................9

*Ogden v. Saunders*, 12 Wheat. 213 .................................................................................................18

*Osborn v. Bank of U.S.* 9 Wheat 738 ........................................................................................19

*Pace v. Burgess*, 92 U.S. 372 ...................................................................................................20

*Pacific Ins. Co. v. Soule*, 7 Wall. 444. ....................................................................................19

*Passenger Cases*, 7 How. 283; *Tarble's Case*, 13 Wall. 397 ..............................................19

*Payan v. United States*, 15 Ct.Cl. 56, 57 (Fed.Ct.Cl. 1879) ...............................................12

*Penhallow v. Doane*, 3 Dall. 93 ..............................................................................................18

*People v. Brady*, 40 Cal. 198 ...................................................................................................19

*People v. N.Y. Cent. R. Co.* 24 N.Y. 486 .................................................................................19

*Pervear v. Com.* 5 Wall. 479 ...................................................................................................20

*Pocono Pines Assembly Hotels Co. v. United States*, 73 Ct.Cl. 447, 462 (Fed.Ct.Cl. 1932) ........10

*Prigg v. Com.* 16 Pet. 539.........................................................................................................19

*Prigg v. Pennsylvania*, 16 Pet. 621 ...........................................................................................9

*Purcell Envelope case,* 48 C. Cls. 66 .....................................................................................10

*Purcell Envelope Col. V. United States*, 48 Ct.Cl. 66, 70, 71 (Fed.Ct.Cl. 1913) ..................9

*Randolph's case*, 2 Brock. 447 ..................................................................................................9

*Rex* v. *Barlow*, 2 Salk., 609 .....................................................................................................9

*Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed. 368 .........5

Scott Aviation v. United States, 21 Cl.Ct. 782 (1990) ..............................................................11

*Scott v. Sandford*, 19 How. 393 ...............................................................................................19

*Scott v. Sandford*, 19 How. 404 ...............................................................................................18

*Smith v. Maryland*, 18 How. 76 ...............................................................................................20

*Springer v. U.S.* 102 U.S. 586 ..................................................................................................19

*Standard-Vaccuum Oil Co. v. United States*, 130 Ct.Cl. 431, 433 (Fed.Ct.Cl. 1955) ...................11

*State v. Barnett*, 3 Kan. 250.................................................................................................20

*State v. Garton*, 32 Ind. 1....................................................................................................19

*State v. Gibson*, 36 Ind. 389...............................................................................................19

*State v. Millain*, 3 Nev. 407................................................................................................20

*State v. Paul*, 5 R.I. 185......................................................................................................20

*State v. Schricker*, 29 Mo. 265...........................................................................................20

*Stern v. Marshall*, 564 U.S. 462, 482-483, 484  (2014) ......................................................7

*Stratigi  Housing  Finance  Corp.  of Travis  County  v.  United  States*, 87  Fed.Cl.  183,  186

(Fed.Ct.Cl. 2009)........................................................................................................11

*Sweatt v. Boston,* etc.*, R. Co.* 5 N.B.R. 249.......................................................................19

*Tarble's Case*, 13 Wall. 397; *Matter of Farrand*, 1 Abb. (U.S.) 146 ...............................19

*Taylor v. United States*, 142 Fed.Cl. 464, 470 (Fed.Ct.Cl. 2019) ......................................10

*Tennessee v. United States Department of State*, 329 F.Supp.3d 597, 621-622 (W.D.Tenn. 2018

.....................................................................................................................................20

*The Williams, Hall's Law J.* 255.........................................................................................20

Transonic Sys. v. Non–Invasive Med. Techs. Corp., 75 Fed.Appx. 765, 784 (Fed.Cir.2003) .....11

*Twitchell v. Com.* 7 Wall. 325 ............................................................................................20

*U.S. v. Cruikshank*, 92 U.S. 542.........................................................................................19

*U.S. v. Cruikshank*, 92 U.S. 550.........................................................................................18

*U.S. v. Cruikshank*, 92 U.S. 552.........................................................................................20

*U.S. v. Rhodes*, 1 Abb.(U.S.) 43.........................................................................................20

*United Affiliates Corporation v. United States*, 2019 WL 2276703, *4 (Fed.Ct.Cl. 2019) ..........10

*United States v. Nixon,* 418 U.S. 683, 704, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) (quoting U.S. Const., Art. III, § 1) ................................................................................................8

*United States v. Nourse,* 9 Pet. 8 ...............................................................................9

*United States v. Roberts,* 618 F.2d 530, 546 (9th Cir. 1980) ....................5, 6, 12, 14

*Volk case,* 56 C. Cls. 395 .........................................................................................10

Weaver–Bailey Contractors, Inc. v. United States, 20 Cl.Ct. 158 (1990). ...................12

*Weston v. Charleston,* 2 Pet. 449 ............................................................................19

*Withers v. Buckley,* 20 How. 84 ..............................................................................20

*Withers v. Buckley,* 20 How. 90; 29 Miss. 21 .........................................................20

*Woods,* 308 .............................................................................................................19

## Statutes

2515, 28 U.S.C. provides:  'New trial; stay of judgment (a) ......................................11

28 U.S.C.  132(c) ....................................................................................................6

**28 U.S.C.  1491 rule 4 and rule 10** .......................................................................15

**28 U.S.C. § 132** ....................................................................................................5

28 U.S.C. § 1331 ....................................................................................................6

28 U.S.C. § 1491 ..................................................................................................14

28 U.S.C. § 2515 ....................................................................................................4

28 U.S.C. § 2515 New Trial; Stay of Judg ..............................................................9

**28 U.S.C. Chap. 85 (§§ 1331 to 1360)** ...............................................................5, 6

48 Stat. 1064 ..........................................................................................................6

**5 U.S.C. § 70** .......................................................................................................15

5 U.S.C. § 702 .......................................................................................................15

5 U.S.C. §§ 702-703 ..................................................................................................16

**Other Authorities**

**Attach 1—Dkt. 169 Dismissed with Prejudice** ....................................................1, 2

**Attach 2—PAHL #1 Email** ......................................................................................1

**Attach 3—PAHL #2 Email** ......................................................................................1

**Attach 5—Dkt. 171—Mem. of Reversal** ...............................................................2

**Attach 8—USA Sovereign Body Politic** ...............................................................17

**Attach 9—SOM, pg. 10** ..........................................................................................15

**Attachment 1—Docket 169—Judgment In a Civil Case "DISMISSED WITH PREJUDICE" ("Attach 1—Dkt. 169 Dismissed with Prejudice")** ......................1

**Attachment 2—PAHL Email November 14, 2018 ("Attach 2—PAHL #1 Email")** ...............1

**Attachment 3—PAHL Email February 5th, 2019 ("Attach 3—PAHL #2 Email")** ..................1

**Attachment 4—Docket 170 Vacated Docket 169 ("Attach 4—Dkt. Vacated Dkt. 169)** ..........1

**Attachment 5—Dkt. 171—AMENDED MEMORANDUM OPINION AND ORDER ADOPTIONG REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE ("Attach 4—Dkt. 112—Mem. of Reversal")** ...............................................1

**Attachment 6—Dkt. 172—Sale of Property** ..........................................................3

**Attachment 7—Eviction Notice of June 4th, 2019 to vacate the property by July 8th, 2019.** ..3

**Attachment 8—Palmer Record District 311 "United States of America is a sovereign body politic" No. "2018-013613-0" ("Attach 8—USA Sovereign Body Politic"** .........................13

**Attachment 9—*State of New York, et al v. USA et al*, 1-19-cv-4676 (S.D.N.Y. 2019) ("Attach 9—SOM")** ....................................................................................15

Case 1-19-cv-987 .......................................................................................................3

Complaint and Attachment 38—Senate Rpt. No. 96-304 ................................................................3

*Magna Charta*.................................................................................................................................8

## Rules

FRCP 59 .............................................................................................................................................11

FRCP 59(a .........................................................................................................................................11

RCFC 59..............................................................................................................................................12

RCFC 59(a)........................................................................................................................................11

Rule 4 and Rule 10 ...........................................................................................................................14

## Constitutional Provisions

**Article 1, Section 8, Clause 9** ........................................................................................................4

**Article I Section 8 Clause 9 (legislative court")** ........................................................................6

**Article I, Section, Clause 9  "To constitute Tribunals inferior to the supreme Court."**4,  6,

2

Article III Court of the United States ...............................................................................................3

Article III sections 1 and ...................................................................................................................7

Article III sections 1 and 2 .............................................................................................................4, 6

**Article III Sections 1 and 2** ......................................................................................................2, 5, 6

Const. U.S. art. 1, Sec. 8, subd. 1 ...................................................................................................19

Const. U.S. art. 1, Sec. 9, subd. 5 ...................................................................................................20

### I. History

Judge **NELSON ("NELSON")** did on as evidenced in the **Attachment 1—Docket 169—**

**¬Judgment In a Civil Case "DISMISSED WITH PREJUDICE" ("Attach 1—Dkt. 169**

**Dismissed with Prejudice")** dismiss the Mooneys Cases 16-cv-2547 on **November 2nd, 2018.**

Michael R. **PAHL ("PAHL")** of the U.S. Dept. of Justice (on Docket Sheet) did

correspond with **NELSON** in an Ex Parte e-mail to **NELSON** stating his displeasure with the

**Attach 1—Dkt. 169 Dismissed with Prejudice** and he planned other actions. **PAHL did NOT**

**appeal the Attach 1—Dkt. 169 Dismissed with Prejudice.**

**PAHL** sent the First Ex Parte e-mail to **NELSON (not filed in the Docket Sheet)**

evidenced by **Attachment 2—PAHL Email November 14, 2018 ("Attach 2—PAHL #1**

**Email").**

**PAHL** send a Second Ex Parte e-mail to **NELSON (not filed in the Docket Sheet)**

evidenced by **Attachment 3—PAHL Email February 5th, 2019 ("Attach 3—PAHL #2**

**Email").** In both of these **PAHL** is correcting **NELSON** that the **Attach 1—Dkt. 169**

**Dismissed with Prejudice** is "incorrect" and **NELSON** should "sua sponte" vacate the

judgment. This is MORE of **PAHL's actions that are not sanctioned by any Court that the**

**Mooneys can find.**

**NELSON** as evidenced in **Attachment 4—Docket 170 Vacated Docket 169 ("Attach**

**4—Dkt. Vacated Dkt. 169)** on **February 5th, 2019 (over three months later)** vacated the

**Attach 1—Dkt. 169 Dismissed with Prejudice** at the strong urging by **PAHL** of actions by

**PAHL** in **Attach 2—PAHL #1 Email** and **Attach 3—PAHL #2 Email.**

**NELSON** as evidenced in **Attachment 5—Dkt. 171—AMENDED MEMORANDUM**

**OPINION AND ORDER ADOPTIONG REPORT AND RECOMMENDATION OF**

**MAGISTRATE JUDGE ("Attach 4—Dkt. 112—Mem. of Reversal") NELSON** states on

1

**pg. 1** "after a *de novo* review" does a *sua sponte* reversal **Attach 1—Dkt. 169 Dismissed with Prejudice.   NELSON** in **Attach 5—Dkt. 171—Mem. of Reversal** continues the LIE that "United States" and "United States of America" and that the "Mooneys" are not "citizens of the United States" with no evidence on **Pg. 3**, to wit:

> Moreover, the magistrate judge found that the Mooneys' arguments "merely repeat[ed] previous failed arguments that they have already presented to the Court." (*Id.*) The magistrate judge concluded that it was "an unassailable fact that the Court has **subject matter jurisdiction** over the present case," that the contention that the **United States of America's** ("Plaintiff's") counsel's appearance was improper due to the **distinction between the United States and the United States of America was "a meritless assertion[,]**" and that the Mooneys' arguments regarding personal jurisdiction due to the claim that the **Mooneys are not "citizens of the United States" had been "squarely and repeatedly rejected."**

And also in **Attach 5—Dkt. 171—Mem. of Reversal continues the lie of the "United States District Court" is an Article III Court of the United States with "subject matter jurisdiction."**

**NELSON** continued to blow off the evidence of that that the "United States District Court" is not a bona fide Article III Section 1 and 2 Court of the United States as plead in prior Dockets but also plead again in Docket 173 with five attachments and in Docket 174 with four attachments.

This is an unassailable fact that **NELSON continually lied to the Mooneys about the "United States District Court" more than once wherein the Mooneys submitted public record evidence that they were demanding a bona fide "District Court of the United States" arising under Article III Sections 1 and 2 exercising the "judicial Power of the United States" in "all Cases in Law, and Equity."** This United States District Court has NO sworn testimony, which is more evidence of it not being an adversarial Court of the United States arising under Article III Sections 1 and 2. **NELSON did not disclose to the Mooneys and**

**neither did PAHL that this "United States District Court" was merely a "tribunal" under Article I Section 8 Clause 9 and at NO point did the Mooneys Consent to an Article I Section 8 Clause Tribunal but continually dismissing that issue as "patriot" myths and nonsense.**

The Mooneys only recently discovered the evidence of the "United States District Court" was in fact a "tribunal." See *infra.*

**NELSON** ordered the Sale of Mooneys' Property evidenced in **Attachment 6—Dkt. 172—Sale of Property** wherein the Mooneys filed an appeal while researched how to enter into the United States Federal Court of Claims. The Mooneys discovered that if there was an "appeal" in another court, they could not enter into the United States Federal Court of Claims. The 8th Circuit is a waste of time as it is not a bona fide Article III Court of the United States like the Federal Circuit Court of Appeals. See the Complaint and Attachment 38—Senate Rpt. No. 96-304.

As evidenced by **Attachment 7—Eviction Notice of June 4th, 2019 to vacate the property by July 8th, 2019.** The Mooneys terminated the 8th Circuit Case and it was official on May 5th, 2019 therein the Mooneys informed **PAHL** of their intention of Filing into the United States Federal Court of Claims which entailed a **lot of research** by the Mooneys.

The Mooneys were not evicted on July 8, 2019 as presumably **PAHL** was waiting to see the Mooneys actually filed into the United States Federal Court of Claims which they did as the Complaint was Docketed on July 9th, 2019 in Case 1-19-cv-987.

The Mooneys received a telephone call from **JENNIFER BREUCHAUD**, Prop. App. & Liquidation Specialist **("BREUCHAUD"),** Employee ID# 0288804 that the Mooneys must vacate the premises now by August 1st, 2019 and **BREUCHAUD** confirmed that she has talked

to **PAHL.** The Mooneys have tried by email and by telephone to contact **PAHL** but he will not respond to Mooneys email or return Mooneys telephone calls.

**BREUCHAUD** confirmed that the IRS might have to return the property but she being a mere employee is just following orders presumably from **PAHL.**

## II. Mooneys Have Been Knowingly and Intentionally Denied a Trial Arising Under Article III Sections 1 and 2 Exercising the "Judicial Power of the United States" in "all Cases in Law, and Equity."

As the evidence is irrefutable and conclusive that the Mooneys **have yet to have ANY Trial under the Rules of Common Law and Equity to date** and the Mooneys have consistently been LIED (yes, not polite words but this is the Mooneys home and lifesaving where they will be irreparably damaged if evicted and have already suffered irreparable damages by moving private property off of the premises and/or selling same) to by **NELSON** and **PAHL,** therefore the Eviction Date should Stayed by whatever means are available by the United States Federal Court of Claims until grants the Mooneys a Trial by the rules of Common Law and Equity as codified in 28 U.S.C. § 2515, being the Mooneys only option as there seems to be no "District Court of the United States" arising under Article III sections 1 and 2 even though it was not repealed in 1948 to the best of Mooneys' research.

## A. United States District Courts are Article I Section 8 Clause 9 "Legislative Courts"

s       Of course **NELSON and PAHL** is deemed to know the law with both having the knowledge that the **"United States District Court"** is merely an **Article I, Section 8, Clause 9 "To constitute Tribunals inferior to the supreme Court."**

This is evidenced by *Eastern Metals Corporation v. Martin*, 191 F.Supp. 245, 248 (S.D.N.Y. 1960), to wit:

> A **United States District Court** is an 'inferior' court, i.e., inferior to the United States Supreme Court. The **District Court is a tribunal created by Congress under the power given to Congress by Article 1, Section 8, Clause 9,** of the

4

United States Constitution, which provides that Congress shall have power '**To constitute Tribunals inferior to the supreme Court**'. *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed. 368. **The creation and composition of the United States District Courts is presently set forth in T. 28 U.S.C. § 132. A United States District Court has only such jurisdiction as the Congress confers upon the court.**

**The general jurisdiction of United States District Courts is set forth in T. 28 U.S.C. Chap. 85 (§§ 1331 to 1360).**

And this Ruse of Article III "District Court of the United States will most certainly be continued by **NELSON supported by PAHL that this "Controversy" by *ipse dixit* pontifications of NELSON and PAHL claiming, or never admitting, that this "United States District Court" does NOT arise** under Article III Sections 1 and 2 exercising the "Judicial Power of the United States"  and that "The judicial Power shall extend to all **Cases, in Law and equity,** arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority."

That this "United States District Court" is a bona fide Article III Sections 1 and 2 Court of the United States, *i.e.* "District Court of the United States" is also conclusively refuted by *United States v. Roberts*, 618 F.2d 530, 546 (9th Cir. 1980), to wit:

> There shall be in each judicial district a district court . . ." and "**the judicial power of a district court . . . may be exercised by a single judge** . . .". This last provision **should be noticed; it is fundamental that a district judge has no judicial power individually; his judicial power is exercised as the representative of a court. "(J)urisdiction is lodged in a court, not in a person. The judge, exercising the jurisdiction, acts for the court".** *In re Brown*, 346 F.2d 903, 910 (5th Cir. 1965), quoted with approval in *United States v. Teresi*, 484 F.2d 894, 898 (7th Cir. 1973). * * * The Supreme Court has said: "**District Courts are solely the creation of statute, and the place in which a judge thereof may exercise jurisdiction is subject absolutely to the control of Congress".** *McDowell v. United States*, 159 U.S. 596, 598-9, 16 S.Ct. 111, 111-112, 40 L.Ed. 271 (1895)

It is an unassailable FACT that **NELSON** acts as a "**representative of the court**" *supra*.; and further, that "The judge [**NELSON**] . . . **acts for the court**;" and further, that **NELSON** is

5

"**subject absolutely to the control of Congress**" and not an "**independent Judge**" arising under Article III sections 1 and 2 exercising the "judicial Power of the United States" but exercising the "judicial power of a district court" as evidenced also in 28 U.S.C.  132(c).  **PAHL** has no choice as **PAHL will ONLY file and have allegiance to the "United States District Court" that** is merely an **Article I, Section 8, Clause 9  "To constitute Tribunals inferior to the supreme Court."**

## B. 28 U.S.C. § 1331 is a CON Disguising  and Denying the Mooneys A bona fide Article III Section 1 and 2 Court of the United States

As evidenced in **the One Form of Action** of 1934 of 48 Stat. 1064  giving appearance of Congress having the Authority to alter the Rules of Common Law and Equity for Article III Sections 1 and 2 which of course Congress can't do evidenced by fact that this One Form of Action is posted in the "United States District Court" exercising the "judicial power of a district court" and not the "judicial Power of the United States" in all Cases in Law and Equity.

The 28 U.S.C. § 1331 is a CON as by first blush you would presume to have invoke all of the Articles of the Constitution of the United States including Article III but the "original jurisdiction" of **28 U.S.C. Chap. 85 (§§ 1331 to 1360) is limited exclusively to the Article I Section 8 Clause 9 (legislative court") where Congress has control of that court and the judge is a representative of that court as evidenced in** *Eastern Metals Corporation v. Martin,* 191 F.Supp. 245, 248 (S.D.N.Y. 1960); *United States v. Roberts,* 618 F.2d 530, 546 (9th Cir. 1980).

## C.  Congress Can't Withdraw From judicial Cognizance any Subject From its Nature of a Suit of Common Law or In Equity or Admiralty.

**NELSON and PAHL** lied to the Mooneys more than once when the Mooneys challenged them that the USDC was NOT a bona fide Article III Court of the United States to which **NELSON Stated it was an Article III Court.**

Congress can't withdraw from judicial cognizance any matter, which by its nature is subject to a suit at the common law, or in equity, or admiralty. Congress may not bring "public rights" issues that may be presented in such a form that they are **susceptible of judicial determination** but Congress may not bring them under the cognizance of the Courts of the United States arising under Article III sections 1 and 2, *i.e.* the "judicial Power of the United States" can't be shared.

In *Murray's Lessee v. Hoboken Land & Improvement Co.*, 59 U.S. 272, 284-285 (1956), to wit:

> To avoid misconstruction upon so grave a subject, we think **it proper to state that we do not consider congress can either withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty**; nor, on the other hand, **can it bring under the judicial power a matter which, from its nature, is not a subject for judicial determination**. At the same time there are matters, **involving public rights, which may be presented in such form that the judicial power is capable of acting on them, and which are susceptible of judicial determination, but which congress may or may not bring within the cognizance of the courts of the United States**, as it may deem proper. Equitable claims to land by the inhabitants of ceded territories form a striking instance of such a class of cases; and as it depends upon the will of congress whether a remedy in the courts shall be allowed at all, in such cases, they may regulate it and prescribe such rules of determination as they may think just and needful. Thus it has been repeatedly decided in this class of cases, that upon their trial the acts of executive officers, done under the authority of congress, were conclusive, either upon particular facts involved in the inquiry or upon the whole title. *Foley v. Harrison*, 15 How. 433; *Burgess v. Gray*, 16 How. 48; [*Minnesota Mining Co. v. National Mining Co.*, 70 US. 332 (1865)] The Minnesota Mining Company at the present term.
>
> It is true, also, that even in a suit between private persons to try a question of private right, the action of the executive power, upon a matter committed to its determination by the constitution and laws, is conclusive. *Luther v. Borden*, 7 How. 1; *Doe v. Braden*, 16 How. 635.

*In Stern v. Marshall*, 564 U.S. 462, 482-483, 484 (2014), to wit:

> As its text and our precedent confirm, Article III is **"an inseparable element of the constitutional system of checks and balances"** that **"both defines the power and protects the independence of the Judicial Branch."** *Northern*

*Pipeline,* 458 U.S., at 58, 102 S.Ct. 2858 (plurality opinion). Under "the basic concept of separation of powers ... that flow[s] from the scheme of a tripartite government" adopted in the Constitution, "the '**judicial Power of the United States**' ... **can no more be shared**" **with another branch** than "the Chief Executive, for example, can share with the Judiciary the veto power, or the Congress share with the Judiciary the power to override a Presidential veto." *United States v. Nixon,* 418 U.S. 683, 704, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) (quoting U.S. Const., Art. III, § 1).

\* \* \*

**The Framers undertook in Article III to protect citizens subject to the judicial power of the new Federal Government from a repeat of those abuses**.

\* \* \*

Article III could neither serve its purpose in the system of checks and balances nor preserve the integrity of judicial decisionmaking if the other branches of the Federal Government **could confer the Government's** "judicial power" **on entities outside Article III.** That is why we have long recognized that, in general, **Congress may not** "**withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty.**" *Murray's Lessee v. Hoboken Land & Improvement Co.,* 59 U.S. 272, 18 How. 272, 284, 15 L.Ed. 372 (1856). When a suit is made of "**the stuff of the traditional actions at common law tried by the courts at Westminster in 1789,**" *Northern Pipeline,* 458 U.S., at 90, 102 S.Ct. 2858 (Rehnquist, J., concurring in judgment), and **is brought within the bounds of federal jurisdiction, the responsibility for deciding that suit rests with Article III judges in Article III courts. The Constitution assigns that job—resolution of** "**the mundane as well as the glamorous, matters of common law and statute as well as constitutional law, issues of fact as well as issues of law**"—**to the Judiciary.** *Id.,* at 86–87, n. 39, 102 S.Ct. 2858 (plurality opinion).

## D. "Due Process of Law" and "By the Law of the Land"

The Mooneys have knowingly and Intentionally be denied" Due Process of Law" in a Trial by the rules of Common law and Equity.

In *Murray's Lessee v. Hoboken Land & Improvement Co.,* 59 U.S. 272, 276, 279-280 (1855), to wit:

"The words, '**due process of law,**' were undoubtedly intended to convey the same meaning as the words, '**by the law of the land,**' in *Magna Charta.* \* \* \* But is it '**due process of law?**' The constitution contains no description of those processes which it was intended to allow or forbid. It does not even declare what principles are to be applied to ascertain whether it be due process. **It is manifest that it was not left to the legislative power to enact any process which might be devised.** The article is a restraint on the legislative as well as on the executive

and judicial powers of the government, and cannot be so construed as to leave congress free to make any process 'due process of law,' by its mere will. * * *This legislative construction of the constitution, commencing so early in the government, when the first occasion for this manner of proceeding arose, continued throughout its existence, and repeatedly acted on by the judiciary and the executive, is entitled to no inconsiderable weight upon the question whether the proceeding adopted by it was '**due process of law**.' *Prigg v. Pennsylvania*, 16 Pet. 621; *United States v. Nourse*, 9 Pet. 8; *Randolph's case*, 2 Brock. 447; *Nourse's case*, 4 Cranch, C. C. R. 151; *Bullock's case*, (cited 6 Pet. 485, note.)

## E.  Common Law Rules and Equity.

The **United States Court of Federal Court of Claims** is empowered to use **Rules of Common Law and Equity** is found in 28 U.S.C. § 2515 New Trial; Stay of Judgment "**(a) The United States Court of Federal Claims may** grant a plaintiff a new trial on any ground established **by rules of common law or equity applicable as between private parties.**"

In *Purcell Envelope Col. V. United States*, 48 Ct.Cl. 66, 70, 71 (Fed.Ct.Cl. 1913), to wit:

The word "**may**," as used in the statute, means "**shall**" under the principle that where a **statute directs the doing of a thing for the sake of justice** or the public good the word *may* is the same as the word *shall*. *Rex* v. *Barlow*, 2 Salk., 609; *Henry v. United States, 15 C. Cls. R., 162.* The statute does not so much give the court discretion as it does confer a power, and this power must be exercised whenever a *prima facie* case is shown.

* * *

[A]nd, though such a power may be somewhat anomalous, it is a power expressly given, and that **every person submitting himself to the jurisdiction of the court for the prosecution of his claim submits himself to the operation of the statute.**

The provisions of former § 282 [2215] of this title seemed to apply to the Court of Claims [now Court of Federal Claims] only as found in *Lynah v. United States*, 106 F. 121 (C.C.S.C.1901).  In *King v. United States,* 31 Ct.Cl. 304, 306 (U.S.Ct.Cl. 1896) "The claimant may have been **misled by the brief of the defendants** . . . Under all the facts and circumstances of the case, it is the opinion of the court that the claimant should have an opportunity to retry his case upon such testimony as he may be able to produce and the motion it therefore allowed.  In *Axman v. United States*, 48 Ct.Cl. 376, 379 (Fed.Ct.Cl. 1913) "[But]" nevertheless litigation

9

cannot be prolonged and cases permitted to extend over a long period of years by innumerable motions designed to correct these errors, **unless it is apparent to the point of certainty that the correction would bring about a different result.**" In *Pocono Pines Assembly Hotels Co. v. United States*, 73 Ct.Cl. 447, 462 (Fed.Ct.Cl. 1932), to wit:

> [B]ut on the contrary have allowed or disallowed the motion as the record in the case demonstrated either the presence or absence of **legal injustice in view of and in keeping with established precedents**. *McKay case*, 30 C. Cls. 1; *Monroe case*, 37 C. Cls. 79; *Goodrich case*, 48 C. Cls. 61; *Purcell Envelope case*, 48 C. Cls. 66; *Axman case*, 48 C. Cls. 376; *Bush, Receiver*, v. *United States*, 55 C. Cls. 485; *Volk case*, 56 C. Cls. 395.

In *United Affiliates Corporation v. United States*, 2019 WL 2276703, \*4 (Fed.Ct.Cl. 2019), to wit:

> The Constitution "neither creates nor defines the scope of property interests compensable under the Fifth Amendment." *Maritrans, Inc. v. United States*, 342 F.3d 1344, 1352 (Fed. Cir. 2003) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). Instead, courts look to " 'existing rules and understandings' and 'background principles' derived from an independent source, such as state, federal, or common law" to define the requisite property interest to establish a taking. Id. (citing *Lucas v. S.C. Coastal Council*, 505 U.S. 1003.

See *Taylor v. United States*, 142 Fed.Cl. 464, 470 (Fed.Ct.Cl. 2019) "Instead, courts look to " 'existing rules and understandings' and 'background principles' derived from an independent source, such as state, federal, or common law" to define the requisite property interest to establish a taking." *Local initative Health Authority for L.A. County v. United States*, 142 Fed.Cl. 1, 20 (Fed.Ct.Cl. 2019).

In *Klamath Irr. Dist. v. United States*, 68 Fed.Cl. 119, 120, (Fed.Ct.Cl. 2005), to wit:

> Nonetheless, a motion for reconsideration of the court's ruling on a partial summary judgment motion may be filed under RCFC 59(a)(1). That subparagraph states that "reconsideration may be granted to all or any of the parties and on all or part of the issues, **for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States.**"

In *Florida Power and Light Co. v. United States*, 66 Fed.Cl. 93, 96 (Fed.Ct.Cl.), to wit:

FRCP 59(a) states the grounds for granting a new trial and **presumably a motion for amendment of judgment:**

**A new trial** may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) **in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in courts of the United States.**

RCFC 59(a) states the grounds:

(1) A new trial or rehearing or reconsideration may be granted to all or any of the parties and on all or part of the issues, for any of the **reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States.**

**Both rules direct a respective court to apply common law or equity rules to its determinations.** In applying RCFC 59, judges of this Court regularly cite to cases applying FRCP 59. These cases set out the limited circumstances in which motions to reconsider a judgment may be granted. **The four basic grounds are: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) so that a party may present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice;** or (4) when there is an intervening change in the controlling law. *See, e.g., Transonic Sys. v. Non–Invasive Med. Techs. Corp.,* 75 Fed.Appx. 765, 784 (Fed.Cir.2003); *Fru–Con Construction Corp. v. United States,* 44 Fed.Cl. 298, 301 (1999).

See also *Standard-Vaccuum Oil Co. v. United States,* 130 Ct.Cl. 431, 433 (Fed.Ct.Cl. 1955) "Section 2515, 28 U.S.C. provides: 'New trial; stay of judgment (a) The Court of Claims may grant a plaintiff a new trial on any found established **by rules of common law or equity applicable as between private parties.**"; *Stratigi Housing Finance Corp. of Travis County v. United States,* 87 Fed.Cl. 183, 186 (Fed.Ct.Cl. 2009); *Innovair Aviation, Ltd. V. United States,* 83 Fed.Cl. 105, 107 (Fed.Ct.Cl. 2008); *Government Systems advisors, Inc. v. United States,* 25 Ct.Cl. 554, 554 (Fed.Ct.Cl. 1990) "[M]ust be based upon manifest **error of law, or mistake of fact,** and is not intended to give an unhappy litigant an additional chance to sway the court. *Scott Aviation v. United States,* 21 Cl.Ct. 782 (1990); *Weaver–Bailey Contractors, Inc. v. United*

*States*, 20 Cl.Ct. 158 (1990)."; *Keeton Corrections, Inc. v. United States*, 69 Fed.Cl. 251, 253 (Fed.Ct.Cl. 2004). Note: Approximately 202 cases in Westlaw in the United States Court of Federal Claims cite "rules of Common and equity" and RCFC 59.

### a. New Evidence.

The Mooneys have evidence starting with *Eastern Metals Corporation v. Martin*, 191 F.Supp. 245, 248 (S.D.N.Y. 1960) and *United States v. Roberts*, 618 F.2d 530, 546 (9th Cir. 1980) clearly disclose that **NELSON and PAHL** knew that the USDC was NOT an Article III Constitutional Court prejudicing the Mooneys.

In *Payan v. United States*, 15 Ct.Cl. 56, 57 (Fed.Ct.Cl. 1879), to wit:

Shortly after this, the court had occasion to consider the subject again, **and laid down the following doctrine:**

"**The common-law rule is too well known, and too certainly fixed, to need investigation,** being almost universally enunciated in the same terms by the **English, Federal, and State courts**. It is enough to say that it imposes upon the moving party these conditions: **1. That the evidence has come to his knowledge since the trial. 2. That it was not owing to the want of due diligence that it did not come sooner. 3. That it is so material that it would probably produce a different verdict if the new trial were granted. 4. That it is not cumulative. 5.** To which is added 'a new trial will not be granted if the only object of the newly-discovered evidence is to impeach the character or credit of a witness.' *Graham and Waterman*, p. 1021. (*Silvey's Case*, 7 C. Cls. R., 308.)

**There was a great difference of opinion in the court on other points in that case, but none as to these rules.**

In *Electric Boat Co. v. United States*, 55 CT.Cl. 497, 498 (Fed.Ct.Cl. 1920), to wit:

Other features of the motion could not be sustained upon the motion for a new trial under the rule; but if it be true, as alleged, that the **record contains evidence which would vitally alter the findings of fact as made, the court would not hesitate to make the correction,** though the matters were not called to its attention at the time the case was tried, either in oral argument or by request for findings.

### b. Lack of Jurisdiction

In *McCollum v. United States*, 33 Ct.Cl. 469, 472 (Fed.Ct.Cl. 1898), to wit:

It is too well known to require argument that **jurisdiction cannot be conferred by consent.**" * * * A **motion for a new trial**, however worded, **which shows want of jurisdiction in the court to render the judgment must**, if filed after the term at which the judgment was rendered and within two years from the date thereof, be treated as a motion under section 1088, **as any judgment rendered without jurisdiction necessarily imposes a wrong upon the judgment defendants.**

**The Mooneys did not tacitly or openly grant jurisdiction to the USDC of 28 U.S.C. §**

**132 Article I Section 8 Clause 9 legislative court.**

### III.  "United States" and the "United States of America" are the Same Thing per NELSON

This is another LIE by **NELSON** that the "United States" and the "United States of America" are the same thing.

### A.  In 1913 Suddenly the "United States of America is a Sovereign Body Politic" as the Plaintiff and Defendant in the "District Court of the United States."

With the "People of several States" CONNED into believing they were "citizens of the United States" that has no rights of suffrage or right of the elective franchise, *infra.*,  and legislators electing the "Senators of the United States;" therein Congress has successfully divested the two parties to the Constitution of the United States reverting back to the "United States of America" as in the Articles of Confederation.

By checking in Westlaw it is easily validated that it took from about 1913 to 1916 to get all of the attorneys to use only the "United States of America" instead of the "United States" as Plaintiff or Defendant that was used from 1789 till 1913.

The "United States of America is a sovereign body politic" is evidenced by the public record of filed in Pacer Cases and is filed in the public record in Palmer, Alaska in the Recording District of 311 **Attachment 8—Palmer Record District 311 "United States of America is a sovereign body politic" No. "2018-013613-0" ("Attach 8—USA Sovereign Body Politic")** this is self-authenticating under evidence Rule 901(7).

Who is the "United States of America" that filed into all of the "District Courts of the United States" until the establishment of the "United States District Court" of 28 U.S.C. § 132 being an Article I Section 8 Clause 9[2] "to **constitute inferior tribunals** to the supreme Court," *infra.*

And who is the "sovereign body politic" that magically appeared after the Seventeenth Amendment of 1913 wherein logically the ONLY answer is "Congress" legislating for only "citizens of the United States."

If the "United States of America is a sovereign body politic" and the "United States" is exactly the same as "United States of America" therein if *flows a fortiori* that the "United States is a sovereign body politic." Where is the Rule of Law and Due Process of Law as these LIES just keep getting bigger as the Mooneys are overwhelmed in proving all of the LIES by **NELSON and PAHL.**

In the United States Federal Court of Claims in Rule 4 and Rule 10 the "United States" is required to be the real party of Interest with the sovereign immunity waived in 28 U.S.C. § 1491. Does this mean also the "United States of America" for Rule 4 and Rule 10? If so, why doesn't it state this as the Mooneys are not mind readers and experts in the law.

The Mooneys found in the Complaint (**this Complaint that is taken to be true** is by Highest level of People deemed to know the law) in *State of New York, City of New York, State of Colorado, State of Connecticut, State of Delaware, District of Columbia, State of Hawaii, State of Illinois, State Maryland, Commonwealth of Massachusetts, State of Michigan, State of Minnesota, State of Nevada, State of New Jersey, State of New Mexico, State of Oregon, Commons wealth of Pennsylvania, State of Rhode Island, State*

---

[2] *Eastern Metals Corporation v. Martin*, 191 F.Supp. 245, 248 (S.D.N.Y. 1960); *United States v. Roberts*, 618 F.2d 530, 546 (9th Cir. 1980).

*of Vermont, Commonwealth of Virginia, State of Wisconsin, City of Chicago and County* excerpt evidenced by **Attachment 9—***State of New York, et al v. USA et al,* **1-19-cv-4676 (S.D.N.Y. 2019) ("Attach 9—SOM")** that the *State of New York* and others are all a "**sovereign State of the United States of America**" including the *State of Minnesota* and none are one of the several States. Is this the same "United States of America that is sovereign body politic?"

There are many, many more examples but his established the unassailable Fact that "State of Minnesota" is a "Sovereign State of the United States of America" therein *flows a fortiori* that Minnesota is not one of the several States of the Union of States in the Constitution of the United States.

## B.  United States of America Can Be Sued Under 5 U.S.C. § 702

The Mooneys were shocked finding that the "United States of America" can be sued under 5 U.S.C. § 702 as an agency.

**How can the "United States" and "United States of America" be exactly the same but only the "United States" can be sued under 28 U.S.C.  1491 rule 4 and rule 10; and,  the "United States of America" can be sued under 5 U.S.C. § 702?**

In **Attach 9—SOM, pg. 10 "37.** Defendant **the United States of America is sued as allowed by 5 U.S.C. § 702**."

5 U.S.C. § 702 has to do with agencies being able to sue under the Administrative Procedure Act of 1946 as amended, to wit:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the

United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *Provided*, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

## C.  United States of America is an agency of the United States

In *Mallinckrodt Inc. v. United States Food and Drug Administration , et al*, 2015 WL 13091366, 8-14-cv-3607 (D.Maryland 2014) Dkt. 47, "**United States of America** is named as a [D]efendant pursuant to **5 U.S.C. §§ 702-703**, because this is an action for judicial review of actions of any **agency of the United States** that have affected Plaintiff adversely."

In *Goodman v. United States of America*, Appellate Brief, (10th Cir. 2006 – 05-1440) "The mandamus statute clearly states that the mandamus directs an officer or employee of the United States, or an agency thereof to perform a duty owed to a plaintiff. **Although the United States of America is an agency of the United States it lacks the Sovereign Immunity that the United States can claim.**"

## D.  Sovereign Power is Posited in the People of These United States.

The sovereign Power is vested ONLY in the People of these United States as also confirmed in In *Martin v. Hunter's Lessee*, 14 U.S. 304, 324-325 (1816), to wit:

The **constitution of the United States was ordained and established,** not by the

states in their **sovereign capacities**, but emphatically, as the preamble of the constitution declares, by **'the people of the United States.'** There can be no doubt that it was competent to the people to invest the general with all the powers which they might deem proper and necessary; to extend or restrain these powers according to their own good pleasure, and to give them a paramount and supreme authority. As little doubt can there be, that the people had a right to prohibit to the states the exercise of any powers which were, in their judgment, incompatible with the objects of the general compact; to make the powers of the state governments, in given cases, **subordinate to those of the nation, or to reserve to themselves those sovereign authorities which they might not choose to delegate to either.** The constitution was not, therefore, necessarily carved out of existing state sovereignties, **nor a surrender of powers already existing in state institutions, for the powers of the states depend upon their own constitutions;** and the people of every state had the right to modify and restrain them, according to their own views of the policy or principle. On the other hand, **it is perfectly clear that the sovereign powers vested in the state governments, by their respective constitutions, remained unaltered and unimpaired, except so far as they were granted to the government of the United States.**

**E.   The Government can Claim No Power Which are not Granted by the Constitution of the United States.**

This "United States of America is a sovereign body politic," **Attach 8—USA Sovereign Body Politic,** is totally foreign to the Constitution of the United States and Congress under the guise or CON can the "United States of America" claim to be a "sovereign body politic" and then to only use this in the current "United States District Courts" (Article I Section 8 Clause 9)[3] legislative courts under the control of Congress.

In *Martin v. Hunter's Lessee*, 14 U.S. 304, 325-326 (1816), to wit:

They have been positively recognized by one of the articles in amendment of the constitution, which declares, that **'the powers not delegated to the United States by the constitution, nor prohibited by it to the states, are _reserved to the states respectively, or to the people._'** The government, then, of the **United States, can claim no powers which are not granted to it by the constitution,** and the **powers actually granted, must be such as are expressly given, or given by necessary implication.**

---

[3] *Eastern Metals Corporation v. Martin*, 191 F.Supp. 245, 248 (S.D.N.Y. 1960); *United States v. Roberts*, 618 F.2d 530, 546 (9th Cir. 1980).

See *Edye v. Robertson*, 18 F. 135, 142-144 (Cir.Ct.E.D.N.Y. 1883) [Important Other Memorandum within *Edye* also—Constitutional Construction, General Power of Commerce and Business, What is Not within the Power of Congress, Powers Concurrent, Limitation on Power of Taxation, Restrictions on the Power of Congress, Treaties and Acts of Congress as Supreme Law, Passenger Tax], to wit:

**POWERS OF UNITED STATES GOVERNMENT**. By the revolution the powers of government **devolved upon the people of the United States; FN2, the body of electors composing the state; FN3, the sovereign people;** every citizen being a constituent member, FN4, who had the power to invest the general government with all the powers they might deem proper and necessary, and to prohibit the states from exercising any powers incompatible with the objects of the general compact. **FN5. The government of the United States is one of delegated powers alone, limited in the number of powers enumerated in the federal constitution, but supreme within the scope of its delegated powers, FN6,** while **state constitutions are but limitations on sovereign powers already existing;** FN7, and it is clothed with **absolute sovereignty to the extent of its powers, FN8, separate and distinct from state sovereignty, FN9,** although they may operate on the same subject; FN10, but in case of conflict the general government is supreme. **FN11. The powers actually granted must be such as are expressly given, or given by necessary implication; FN12.** and in the exercise of all those means, and the employment of all those agencies and instrumentalities, 'necessary and proper for carrying into execution its granted powers,' **the government of the United States is as supreme and independent as the states which created it. FN13.** Whenever any act done under its authority is challenged, the proper sanction must be found in its charter, <u>or the act is ultra vires and void.</u> **FN14.** The constitution divides the government into three departments,— <u>the executive, legislative, and judicial,</u>—**the lines of separation being clearly defined and closely followed, neither being permitted to encroach on the power exclusively confided to the other. FN15.** Among the powers expressly granted is the power of taxation, **FN16** which is also granted by necessary implication as a means in the exercise of other powers expressly granted; **FN 17,** and the exercise of this power is vested in the legislative department, with which the judiciary cannot interfere. **FN18.**

> **FN2** *McCulloch v. Maryland*, 4 Wheat. 316; *Dartmouth College Case*, 4 Wheat. 518; *Green v. Biddle*, 8 Wheat. 1; *Ogden v. Saunders*, 12 Wheat. 213; *Cherokee Nation v. Georgia*, 5 Pet. 1; **FN3** *Penhallow v. Doane*, 3 Dall. 93. **FN4** *Scott v. Sandford*, 19 How. 404; **FN5** *Martin v. Hunter's Lessee*, 1 Wheat 325. **FN6** *U.S. v. Cruikshank*, 92 U.S. 550; 1 *Woods*, 308; *McCulloch v. Maryland*, 4 Wheat. 316; *Scott v. Sandford*, 19 How. 393; *Ableman v. Booth*, 21 How. 503; *Lane Co. v. Oregon*, 7 Wall.

76; *Dobbins v. Erie Co.* 16 Pet. 435; *Gibbons v. Ogden*, 9 Wheat. 1; *Briscoe v. Bank of Ky.* 11 Pet. 257; *Frasher v. State*, 3 Tex.Ct.App. 273; *Fifield v. Close*, 15 Mich. 505; *State v. Garton*, 32 Ind. 1; *State v. Gibson*, 36 Ind. 389; *People v. Brady*, 40 Cal. 198; *Bradwell v. State.* 16 Wall. 130.   **FN7** *Ohio Life Ins. & T. Co. v.* Debolt, 16 How. 428.   **FN8** *Metrop. Bank v. Van Dyck*, 27 N.Y. 407.   **FN9** *Ableman v. Booth*, 21 How. 506; *Newell v. People*, 7 N.Y. 93; *People v. N.Y. Cent. R. Co.* 24 N.Y. 486; *Metrop. Bank v. Van Dyck,* 27 N.Y. 411.   **FN10** *Brown v. Maryland,* 12 Wheat. 419; *Weston v. Charleston*, 2 Pet. 449; *Dobbins v. Erie Co.* 16 Pet. 435;   *Collector v. Day*, 11 Wall. 113; *Nat. Bank v. Com.* 9 Wall. 353; *Sweatt v. Boston,* etc., *R. Co.* 5 N.B.R. 249; *Passenger Cases*, 7 How. 283; *Tarble's Case,* 13 Wall. 397.   **FN11** *Tarble's Case,* 13 Wall. 397; *Matter of Farrand,* 1 Abb. (U.S.) 146.   **FN12** *Andrews v. Auditor*, 28 Grat. 121.   **FN13** Id.; *Bank of Commerce v. N.Y. City*, 2 Black, 620; *Bank Tax Case,* 2 Wall. 200; *Osborn v. Bank of U.S.* 9 Wheat 738.   **FN14** *Pacific Ins. Co. v. Soule*, 7 Wall. 444.   **FN15** *Kilbourn v. Thompson,* 103 U.S. 168; *Ex parte Stephens,* 70 Mass. 559; *Hayburn's Case*, 2 Dall. 409, note.   **FN16** Const. U.S. art. 1, Sec. 8, subd. 1.   **FN17** Id. subd. 18.   **FN18** Id. subd. 1.

\* \* \*

**EXECUTION OF POWERS AND ENFORCEMENT OF RIGHTS.** The constitution does not profess to enumerate the means by which the powers it confers may be executed. If the means are appropriate, the necessity for their use is to be determined by congress alone. **FN34.   If the constitution guaranties a right, the national government is clothed with authority to enforce it; FN35** and one method may be applicable to one **fundamental right**, while another may not So **FN36** a side discretion is left to congress to determine what is necessary.   **FN37** In the exercise of its power 'to lay and collect taxes, duties, imposts, and excises, ' congress may, to enforce their payment, authorize the distraint and sale of either real or personal property without 'due process of law.' **FN38.**

> **FN34** *McCulloch v. Maryland*, 4 Wheat. 316; *Metropolitan Bank v. Van Dyck*, 27 N.Y. 400.   **FN35** *U.S. v. Cruikshank*, 92 U.S. 542; *1 Woods,* 308; *Prigg v. Com.* 16 Pet. 539.   **FN36** *U.S. v. Cruikshank*, 92 U.S. 542; *1 Woods*, 308. **FN37** *Legal-tender Cases*, 12 Wall 534; *Low v. Cent. Pac. R. Co.* 52 Cal. 63. **FN38** *Springer v. U.S.* 102 U.S. 586.

**RESTRICTIONS ON THE POWER OF CONGRESS.** The power of congress to interfere with exports is taken away by the provision of the constitution that 'no tax or duty shall be laid on articles exported from any state;   **FN 69** 'but a charge for a stamp on a package of tobacco intended for export, made as a means to prevent fraud, is not a tax on exports;   **FN70** nor is an act regulating commercial intercourse with the insurrectionary states and imposing duties thereon.   **FN71** **The first 10 amendments to the federal constitution are restrictions on the power of congress; they do not apply to the states;** FN72 and so of the fifth amendment, which has no reference to the exercise of the powers of state

governments. **FN73.**

> **FN69** Const. U.S. art. 1, Sec. 9, subd. 5; *Hylton v. U.S.* 3 Dall. 171; *The Williams, Hall's Law J.* 255. **FN70** *Pace v. Burgess*, 92 U.S. 372. **FN71** *Folsom v. U.S.* 4 Ct.Cl. 366. **FN72** *Barron v. Baltimore*, 7 Pet. 250; *Livingston v. Moore*, 7 Pet. 469; *Bald. 424; Fox v. Ohio*, 5 How. 434; *Smith v. Maryland*, 18 How. 76; *Withers v. Buckley,* 20 How. 90; 29 Miss. 21; *Legal-tender Cases*, 12 Wall. 535; *North Mo. R. Co. v. Maguire*, 20 Wall. 46; 49 Mo. 490; *Edwards v. Elliott*, 21 Wall. 557; *Twitchell v. Com.* 7 Wall. 325; *Pervear v. Com.* 5 Wall. 479; *U.S. v. Cruikshank*, 92 U.S. 552; *1 Woods,* 308; *U.S. v. Rhodes*, 1 Abb.(U.S.) 43; *Colt v. Eves*, 12 Conn. 243; *Jackson v. Wood*, 2 Cow. 819; *Murphy v. People*, Id. 815; *Barker v. People*, 3 Cow. 686; *Hill v. State*, 53 Ga. 472; *Baker v. Wise*, 16 Grat. 139; *Bryan v. State,* 4 Iowa, 349; *State v. Barnett*, 3 Kan. 250; *Com. v. Hitchings*, 71 Mass. 482; *Com. v. Pomeroy, Id.* 486; *State v. Schricker*, 29 Mo. 265; *State v. Millain*, 3 Nev. 407; *Astor v. New York*, 37 N.Y.Super. 560; *State v. Paul*, 5 R.I. 185; *James v. Com.* 12 Serg.& R. 220; *Lincoln v. Smith*, 27 Vt. 328; *Livingston v. Mayor*, etc., 8 Wend. 85; *Matt. of Smith*, 10 Wend. 449; *Lee v. Tillotson*, 24 Wend. 337. **FN73** *Kelly v. Pittsburgh*, 104 U.S. 79; *Withers v. Buckley*, 20 How. 84; *Davidson v. New Orleans,* 96 U.S. 97.

See also *Tennessee v. United States Department of State*, 329 F.Supp.3d 597, 621-622

(W.D.Tenn. 2018).

## IV.  Conclusion

Therefore unassailable fact that the Mooneys have not had a Trial by the Rules of the

Common Law and Equity; and, that Congress has withdrawn the Courts of the United States

arising under Article III Sections 1 and 2 exercising the "judicial Power of the United States" in

"all Cases in Law, and in Equity" with the possible exception of the Article I United States

Federal Court of Claims; and, that **NELSON** and **PAHL** have LIED to the Mooneys consistently

from the very beginning of the 0-16-cv-987 with so many lies that it would take a book to refute

all of them; and, with the documents in the Case of 0-16-cv-987 and as plead in the Complaint

with its attachments is a *sine qua non* that the Mooneys have been denied "due process of law"

and have not had a Trial with the Rules of the Common Law and Equity.

And further, in our Republic the Mooneys have proceeded with due diligence and find it hard to believe that they can be evicted without first having a Trial by the Rules of Common Law and Equity; and further, the as a matter of justice the United States Federal Court of Claims should by however it can be accomplished Stay the Judgement (sic) and Stay the Eviction until the Mooneys have a bona fide Trial by the rules of Common Law and Equity; and further, this will not prejudice the "United States" a/k/a the "United States of America." The Mooney also have the right to have the "United States' and the "United States of America" disclose their relationship and how is this "sovereign body politic" being most certainly "Congress" found in the Constitution of the United States evidently being a CON with the best information that the Mooneys can find.

My Hand, *William Joseph Mooney*

My Hand, *Jaie Therese Mooney*