RECEIVED
DOJ COURIER
AUG - 2 2019
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

———————

No. 19-987 T

(Judge Patricia Elaine Campbell-Smith)

WILLIAM JOSEPH MOONEY and JONI THERESE MOONEY,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

———————

RESPONSE OF THE UNITED STATES IN OPPOSITION
TO PLAINTIFFS' "EXPEDITED MOTION FOR STAY OF JUDGMENT
AND STAY OF EVICTION"

———————

Pursuant to Rules 15(a) and 19(a) of the Rules of the United States Court of Federal

Claims (Rule(s) or RCFC), defendant, the United States, by and through its counsel of record,

hereby responds to plaintiffs' "Expedited Motion for Stay of Judgment and Stay of Eviction."

Plaintiffs *pro se*, William Joseph and Joni Therese Mooney, filed suit in this Court on

July 9, 2019, challenging the validity of an order of sale against them entered by the United

States District Court for the District of Minnesota.[1]  In support, plaintiffs argue that the district

court does not constitute a "Court of the United States arising under Article III Sections 1 and 2"

of the Constitution, and therefore they have been denied due process.  Compl. at 1, *see also* Dkt.

4 at 8.  On July 24, 2019, they filed an "Expedited Motion for Stay of Judgment and Stay of

---

[1]  The proceeding in the District of Minnesota is *United States v. Mooney*, No. 16-2547.

Eviction," in which they ask this Court to stay execution of the order of sale in the District of

Minnesota until they "have a bona fide Trial by the rules of Common Law and Equity[.]" Dkt. 4

at 21.

Generally, "[t]he ability to stay cases is an exercise of court's inherent power to manage

*its own docket.*" *Murata Machinery USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016)

(emphasis added). Plaintiffs here, however, ask for a very different kind of relief–*viz.*, an

injunction restraining the execution of an order of a federal district court. That request lies

outside of this Court's jurisdiction to grant. The Court of Federal Claims "'does not have

jurisdiction to review the decisions of district courts[.]'"[2] *Vereda, Ltda. v. United States*, 271

F.3d 1367, 1375 (Fed. Cir. 2001) (quoting *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir.

1994) (jurisdiction likewise lacking over decisions of "the clerks of district courts relating to

proceedings before those courts")). If plaintiffs wished to appeal from the decision from the

District of Missouri, and/or seek a stay in relation thereto, their proper recourse would have been

---

[2] In addition, and even if this case originated before this Court, there is no jurisdiction to award the type of relief plaintiffs here seek (essentially, an injunction against tax collection via an order of sale). *Schlabach v. United States*, 97 Fed. Cl. 232, 233-34 (2011) (denying request for temporary restraining order in a case brought directly before the Court of Federal Claims seeking a refund of tax penalties paid in full). This Court's authority to grant equitable relief exists only in a limited fashion, "'as an incident of and collateral to a [] money judgment.'" *Schlabach*, 97 Fed. Cl. at 233-34. To the extent that what plaintiffs actually seek is an injunction against the collection of taxes, the Anti-Injunction Act, 26 U.S.C. § 7421(a), "'flatly prohibits' the grant of injunctive relief regarding IRS collection proceedings." *Id.* at 234 (quoting *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002)). Similarly, 28 U.S.C. § 2515, on which plaintiffs rely, applies to requests for new trial for cases originating in the Court of Federal Claims, not in relation to cases decided by other courts. *See, e.g., Sanders v. United States*, No. 18-979, 2018 WL 6190375 (Fed. Cl. Nov. 28, 2018) (where plaintiff sought relief against various non-federal officials and agencies and had "litigated extensively" in district court, Court of Federal Claims could not determine how 28 U.S.C. § 2515(a) , *inter alia*, conferred jurisdiction).

to seek reconsideration in that court, and thence, should they have failed, to the Eighth Circuit.[3]

Because plaintiffs' request lies outside this Court's jurisdiction to grant, their motion should be denied.

## CONCLUSION

For the reasons stated herein, the Court should deny plaintiffs' "Expedited Motion for Stay of Judgment and Stay of Eviction."

August 2, 2019

Respectfully submitted,

MARGARET E. SHEER

*Attorney of Record*
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6627
(202) 514-9440 (facsimile)
margaret.e.sheer@usdoj.gov


RICHARD E. ZUCKERMAN
    Principal Deputy Assistant Attorney General
DAVID I. PINCUS
    Chief, Court of Federal Claims Section

*Of Counsel*

---

[3] As plaintiffs themselves acknowledge, they did file a notice of appeal, but then moved to dismiss that appeal, which motion the Eighth Circuit granted. *See* Compl. at 6, 85 (both noting that plaintiffs withdrew their appeal before the Eighth Circuit in order to file this proceeding in the Court of Federal Claims); Dkt. 4 at 3 (same). The appeal in the Eighth Circuit is *United States v. Mooney*, No. 19-1533.

CERTIFICATE OF SERVICE

I certify that service of the foregoing Response in Opposition to Plaintiffs' "Expedited

Motion for Stay of Judgment and Stay of Eviction," has been made on plaintiffs, *pro se*, on this

2nd day of August, 2019, by mailing a copy thereof, in a postage prepaid envelope, to the

following address:

> William Joseph Mooney and Joni Therese Mooney
> 409 6th Ave., NW
> Little Falls, MN  56345

_____

Court of Federal Claims Section
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Post Office
Washington, D.C.  20044
(202) 307-6440