IN THE UNITED STATES COURT OF FEDERAL CLAIMS

———————

No. 19-987 T

(Judge Patricia Elaine Campbell-Smith)

WILLIAM JOSEPH MOONEY and JONI THERESE MOONEY,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

———————

RESPONSE OF THE UNITED STATES IN OPPOSITION
TO PLAINTIFFS' "MOTION TO TOLL THE TIME TO FILE A REPLY TO DOCKET"
AND TO PLAINTIFFS' "EXPEDITED MOTION ON STANDING OF MARGARET E.
SHEER, 'THE UNITED STATES,' AND 'UNITED STATES OF AMERICA'"

———————

Pursuant to Rules 15(a) and 19(a) of the Rules of the United States Court of Federal

Claims (Rule(s) or RCFC), defendant, the United States, by and through its counsel of record,

hereby responds to plaintiffs' "Motion to Toll the Time to File a Reply to Docket 6 Until The

Expedited Motion on Standing of MARGARET E. SHEER, 'The UNITED STATES' and

"UNITED STATES OF AMERICA' Is Determined by The Court," Dkt. 7, and plaintiffs'

"Expedited Motion on The Standing of MARGARET E. SHEER, 'The UNITED STATES' and

the 'UNITED STATES OF AMERICA.'" Dkt. 8.

Plaintiffs *pro se*, William Joseph and Joni Therese Mooney, filed suit in this Court on

July 9, 2019, challenging the validity of an order of sale against them entered by the United

1

RECEIVED
DOJ COURIER
AUG 2 6 2019
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

States District Court for the District of Minnesota.[1]  In support, plaintiffs argue that the district

court does not constitute a "Court of the United States arising under Article III Sections 1 and 2"

of the Constitution, and therefore they have been denied due process.  Compl. at 1, *see also* Dkt.

4 at 8.  On July 24, 2019, they filed an "Expedited Motion for Stay of Judgment and Stay of

Eviction," in which they ask this Court to stay execution of the order of sale in the District of

Minnesota until they "have a bona fide Trial by the rules of Common Law and Equity[.]"  Dkt. 4

at 21.  On August 2, 2019, defendant, through Margaret E. Sheer, its counsel of record, filed its

response.  On August 12, 2019, they filed their motion seeking to toll the time in which to file

their reply to defendant's response to the motion to stay (hereinafter, "Motion to Toll").  Dkt. 7.

On August 23, 2019, by leave of Court, they filed their "Expedited Motion on The Standing of

MARGARET E. SHEER, 'The UNITED STATES' and the 'UNITED STATES OF

AMERICA'" (hereinafter, "Expedited Motion on Standing").  Dkt. 8.  For the reasons stated

herein, defendant opposes plaintiffs' motions and respectfully requests that the Court order

plaintiffs to file a reply within 14 days of its order on the Motion to Toll.

 Plaintiffs seek to toll their time to reply until an indeterminate point in time after the

Court resolves their Expedited Motion on Standing.  Dkt. 7 at 1; Dkt. 8.  Plaintiffs' Expedited

Motion on Standing asserts, in essence, that defendant's attorney of record, Margaret E. Sheer,

lacks authority to bring this suit because (1) she appears as attorney of record for the United

States, not "counsel of record" (Dkt. 7 at 10); and (2) because she appears for the United States,

not the United States of America.

 As a preliminary matter, defendant's counsel's appearance before this court is properly

designated as "attorney of record for the United States" pursuant to Rule 83.1(c)(3)(B) of the

---

[1]  The proceeding in the District of Minnesota is *United States v. Mooney*, No. 16-2547.

Rules of the Court of Federal Claims.  Moreover, plaintiffs' Expedited Motion on Standing is meritless, and so, in turn, is their related Motion to Toll.  "[I]n the Court of Federal Claims, 'the only proper defendant . . . is the United States." *Rohland v. United States*, 136 Fed. Cl. 55, 65 (2018) (quoting *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003)) and citing, in accord, RCFC 10(a)).  Plaintiffs' attempt to cast doubt on the standing of the United States based on their frivolous assertion of a distinction between the United States and the United States of America is yet another attempt to advance "the same unmeritorious arguments" previously rejected by the District of Minnesota, whose sale order plaintiffs are asking this Court to enjoin.  (*See* Ex. B hereto, *United States v. Mooney, et al.*, No. 16-2547, Dkt. 171 at 5-6 (D. Minn., Feb. 6. 2019); Ex. C hereto, *id.*, Dkt. 143 at 5 (Feb. 15, 2018) ("[T]here is no legal distinction between the United States and the United States of America.").)  *See also* 35 Am. Jur. 2d Federal Tax Enforcement § 1096 ("It is a legally frivolous argument to contend that the federal government lacks standing in, and the district court lacks subject matter jurisdiction over, the government's action to reduce a federal tax assessment to judgment because the 'United States of America' and the 'United States' are not synonymous[.]" (citing *United States v. Dawes*, 161 F. App'x 742, 746 (10th Cir. 2005) (describing argument as "legally frivolous"); *see also, e.g., United States v. Rice*, No. 2:09-CR-00078-JCM, 2012 WL 2995686, at *1 (D. Nev. July 3, 2012), *report and recommendation adopted sub nom. United States v. Davis*, No. 2:09-CR-78 JCM RJJ, 2012 WL 2995684 (D. Nev. July 23, 2012) ("The distinction . . . between the 'United States of America' and 'United States' is entirely frivolous and without legal basis.").

Because the arguments plaintiffs intend to espouse in their Expedited Motion on Standing are frivolous, that motion provides no basis for tolling plaintiffs' deadline to reply in further support of their Expedited Motion for Stay of Judgment and Stay of Eviction.  Accordingly,

defendant opposes both plaintiffs' Motion to Toll and Expedited Motion on Standing, and

requests that the Court order plaintiffs to enter their reply within 14 days of its order on the

Motion to Toll.

## CONCLUSION

For the reasons stated herein, the Court should deny plaintiffs' Motion to Toll (Dkt. 7)

and Expedited Motion on Standing, and further require plaintiffs to file a reply to Dkt. 6 within

14 days of its order on the Motion to Toll.


August 26, 2019                          Respectfully submitted,

                                         MARGARET E. SHEER

                                         *Attorney of Record*
                                         U.S. Department of Justice
                                         Tax Division
                                         Court of Federal Claims Section
                                         Post Office Box 26
                                         Ben Franklin Post Office
                                         Washington, D.C. 20044
                                         (202) 307-6627
                                         (202) 514-9440 (facsimile)
                                         margaret.e.sheer@usdoj.gov


                                         RICHARD E. ZUCKERMAN
                                           Principal Deputy Assistant Attorney General
                                         DAVID I. PINCUS
                                           Chief, Court of Federal Claims Section

                                         *Of Counsel*

# EXHIBIT A

**In the United States Court of Federal Claims**

William Joseph Mooney, *In propria persona*; and )
Joni Therese Mooney, *In propria persona*,     )
           )
       **Plaintiffs,**    )  Case No. 1:19-cv-987-PEC
           )
v.            )  Judge Patricia E. Campbell—Smith
           )
THE UNITED STATES a/k/a "UNITED  )
STATES OF AMERICA"     )
           )
      **Defendant,**    )
           )

**Expedited Motion on Standing of MARGARET E. SHEER, "The UNITED STATES" and the "UNITED STATES OF AMERICA"**

Comes Now, William Joseph Mooney, *in propria persona* and Joni Therese Mooney, *in propria persona* ("Mooneys") with this **Expedited Motion on Standing of MARGARET E. SHEER, "The UNITED STATES" and the "UNITED STATES OF AMERICA"**

**Table of Contents**

I. Standing ................................................................................. 1

A. Standing in the United States Court of Federal Claims Being an Article I Court Uses Article III Sections 1 and 2; and, Federal Courts are Not General Jurisdictional Courts ........................... 1

  a. The United States District Court Tribunal Constituted Under Article I Section 8 Clause Is A Court of "General Jurisdiction." .................................................. 4

II. Who Is The "UNITED STATES OF AMERICA" And The "UNITED STATES?" ............... 5

A. "UNITED STATES OF AMERICA" and "UNITED STATES" in Case No. 0-16-cv-2547, "Plaintiff" is Identified as "UNITED STATES OF AMERICA." ........................... 5

B. The Mooneys Filed in the Complaint with the Defendant being "THE UNITED STATES" a/k/a "UNITED STATES OF AMERICA" ................................................. 7

C. The United States Court of Federal Claims Has Identified the Plaintiff as the "UNITED STATES OF AMERICA" and not the "The United States." .................................................. 8

D. Margaret E. Sheer Files In With the Plaintiff being "THE UNITED STATES OF AMERICA" But As "The Attorney of Record for the United States." ..................................... 10

E. *United States of America v. Kriemelmeyer*, 3-19-cr-90 (W.D.Wisc. 2019) We Find "Counsel For The United States of America." With Enforcing "Tax Laws of the United States and the IRS as an Agency of the United States. ...................................................... 10

F. *United States of America v. Kyle*, 3-11-cr-94 (N.D.Tx. 2011), Kyle's Indictment Owing "United States of America" ....................................................................................... 11

G. *United States of America v. Kuyrkendall*, 3-09-cr-18 (S.D.Miss. 2009) Docket 1—Indictment "Proper Officer of the United States" .................................................. 11

  a. Kuyrkendall Appeal to the United States Court of Appeals for the Federal Circuit Docket No. 17-1713 (2017) for *United States of America v. Kuyrkendall* 3-09-cr-18 (S.D.Miss. 2011)—BRINGER is "counsel for the United States." ....................................... 11

  b. Kuyrkendall Appeal to the Fifth Circuit Docket No. 17-60335 for *United States of America v. Kuyrkendall* 3-09-cr-18 (S.D.Miss. 2011)—BRINGER is "Counsel for the United States of America" ............................................................................... 12

H. In 1913 Suddenly the "United States of America is a Sovereign Body Politic" as the Plaintiff and Defendant in the "District Court of the United States." .......................... 13

I. United States of America Can Be Sued Under 5 U.S.C. § 702 ...................................... 14

J. United States of America is an agency of the United States ....................................... 15

K. Sovereign Power is Posited in the People of These United States. ............................. 16

L. The Government can Claim No Power Which are not Granted by the Constitution of the United States. ........................................................................................... 16

III. Conclusion ........................................................................................................ 19

IV. Certificate of Service ......................................................................................... 1

## I. Standing

This is NOT a Reply to Docket 6 but who is **MARGARET E. SHEER ("SHEER")** and

does she have standing in this United States Court of Federal Claims ("Federal Claims Court")?

### A.  Standing in the United States Court of Federal Claims Being an Article I Court Uses Article III Sections 1 and 2; and, Federal Courts are Not General Jurisdictional Courts

Although Federal Claims Court is an Article I Court[1], the **"standing" requirements are**

**the same as for an Article III Court of the United States is precedent**; and, **Federal Courts**

**are not courts of general jurisdiction** is precedent as evidenced in 28 U.S.C. § 1491; and,

**Standing is a jurisdictional threshold issue** is precedent in the United States Court of Federal

Claims wherein *flows a fortiori* that only the Defendant(s) specifically named and identified in

the Case or Controversy have Standing to appear with "Counsel for" under the doctrine of *inter*

*partes* (See *Smith v. Emery*, 12 N.J.L. 53, 60-61 (Sup.Ct.Jud.N.J. 1830) *infra.*) with the

exceptions of *American Bankers Association v. United States*, 135 Fed.Cl. 136, 144 (Fed.Cl.

2017)[2] starting with *Altair Global Credit Opportunities Fund (A), LLC v The United States*, 138

Fed.Cl. 742, 753-754 (Fed.Cl. 2019), to wit:

> As a matter of law, to establish **standing** in the United States Court of Federal
> Claims, FN12, a complaint must allege sufficient facts to show that a plaintiff:
>
> > (1) has suffered an "injury in fact" that is (a) concrete and particularized
> > and (b) actual or imminent, not conjectural or hypothetical; (2) the injury

---

[1] 28 U.S.C. § 171(a)  "**(a)** The President shall appoint, by and with the advice and consent of the Senate, sixteen judges who shall constitute a court of record known as the United States Court of Federal Claims. **The court is declared to be a court established under article I of the Constitution of the United States.**"

[2] The United States Supreme Court has held that an association may file a complaint on behalf of members, when **three elements** are satisfied: "**(a)** its members would otherwise have standing <u>to sue in their own right</u>; (b) the <u>interests</u> it seeks to protect are germane to the organization's purpose; and **(c)** neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 342–43, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).

is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000); *see also Figueroa v. United States*, 466 F.3d 1023, 1029 (Fed. Cir. 2006) (same).

> **The standing requirements of Article III of the United States Constitution also apply to the United States Court of Federal Claims.** See *Anderson v. United States*, 344 F.3d 1343, 1350 n.1 (Fed. Cir. 2003) (stating that the United States Court of Federal Claims, "**though an Article I court, ... <u>applies the same standing requirements enforced by other federal courts created under Article III</u>**") (internal citation omitted).

Federal Courts arising under Article III are not courts of general jurisdiction is well settled and  United States Federal Court of Claims has the same standing requirements arising under Article III Sections 1 and 2 as held in *Starr International Co. Inc. v. United States*, 856 F.3d 953 (Fed.Cir. 2017), to wit:

> <u>**Federal courts are not courts of general jurisdiction**</u>; they have only the power that is authorized by Article III of the Constitution and **the statutes enacted by Congress pursuant thereto.**" *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986). **In keeping with this principle, the doctrine of standing** "serv[es] to identify those disputes which are **appropriately resolved through the judicial process.**" *Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). **The Claims Court, "though an Article I court, applies the same standing requirements enforced by other federal courts created under Article III.**" *Anderson v. United States*, 344 F.3d 1343, 1350 n.1 (Fed. Cir. 2003) (citation omitted). The plaintiff bears the burden of showing standing, and because **standing** is "an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

See also, *Waverley View Investors, LLC. v. United States*, 135 Fed.Cl. 750, 783-784 (Fed.Cl. 2018), to wit:

> "**[S]tanding is a threshold jurisdictional issue.**" *Myers Investigative & Sec. Servs., Inc. v. United States*, 275 F.3d 1366, 1369 (Fed. Cir. 2002). <u>**The standing**</u>

**requirements derived from Article III of the United States Constitution also apply to the United States Court of Federal Claims.** *See Starr Int'l Co. v. United States*, 856 F.3d 953, 964 (Fed. Cir. 2017) (quoting *Anderson v. United States*, 344 F.3d 1343, 1350 n.1 (Fed. Cir. 2003) **(holding that the United States Court of Federal Claims, "though an Article I court, ... applies the same standing requirements enforced by other federal courts created under Article III."))**, *petition for cert. filed*, No. 17–540 (Oct. 11, 2017). Therefore, a plaintiff must establish "an injury-in-fact that is both fairly traceable to the challenged conduct of the defendant and likely redressable by a favorable judicial decision." *Figueroa v. United States*, 466 F.3d 1023, 1029 (Fed. Cir. 2006). In addition, the party invoking jurisdiction bears the burden of establishing constitutional standing. *See Myers Investigative*, 275 F.3d at 1369 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ("[T]he party invoking federal jurisdiction bears the burden of establishing [its] elements.")).

See also *American Bankers Association v. United States*, 135 Fed.Cl. 136, 144 (Fed.Cl. 2017).

In *St. Bernard Parish Government v. United States*, 142 Fed.Cl. 504, 527-528 (Fed.Cl. 2019), to wit:

**Standing is 'a threshold inquiry that in no way depends on the merits of the case.' "** *Reoforce, Inc. v. United States*, 853 F.3d 1249, 1264 (Fed. Cir.) (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 31, 114 S.Ct. 425, 126 L.Ed.2d 396 (1993) (per curiam) ), cert. *denied, —— U.S. ——, 138 S.Ct. 517, 199 L.Ed.2d 388 (2017); see also *Starr Int'l Co., Inc. v. United States*, 856 F.3d 953, 963 (Fed. Cir. 2017) (citation omitted), cert. denied, —— U.S. ——, 138 S.Ct. 1324, 200 L.Ed.2d 512 (2018); *Phigenix, Inc. v. Immunogen, Inc.*, 845 F.3d 1168, 1173 (Fed. Cir. 2017) (citing *Massachusetts v. Envtl. Prot. Agency*, 549 U.S. 497, 505, 127 S.Ct. 1438, 167 L.Ed.2d 248 (2007) ); *Canadian Lumber Trade All. v. United States*, 517 F.3d 1319, 1330 (Fed. Cir.), cert. denied, 555 U.S. 819, 129 S.Ct. 344, 172 L.Ed.2d 32 (2008); *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975 (Fed. Cir. 2005) (**"Standing to sue is a threshold requirement in every federal action."**); *Myers Investigative and Sec. Servs., Inc. v. United States*, 275 F.3d 1366, 1369 (Fed. Cir. 2002) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-04, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ). **The United States Court of Federal Claims, an Article I tribunal, applies the same standing requirements as other federal tribunals created under Article III of the United States Constitution.** See *Weeks Marine, Inc. v. United States*, 575 F.3d 1352, 1359 (Fed. Cir. 2009) (quoting *Anderson v. United States*, 344 F.3d 1343, 1350 n.1 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2003) ); see also *Starr Int'l Co., Inc. v. United States*, 856 F.3d at 964 (citation omitted); *Tinton Falls Lodging Realty, LLC v. United States*, 800 F.3d 1353, 1364 n.4 (Fed. Cir. 2015) (citation omitted); *Abou-el-Seoud v. United States*, 136

Fed.Cl. 537, 555 (2018) ("**The standing requirements, derived from Article III of the United States Constitution, also apply to the United States Court of Federal Claims.**" (citing *Anderson v. United States*, 344 F.3d at 1350 n.1) ); *Square One Armoring Serv., Inc. v. United States*, 123 Fed.Cl. 309, 321 (2015) ("**Although the Court of Federal Claims is not an Article III court, it is well-established that various justiciability doctrines of Article III apply to this court.**" (citations omitted) ).

In *Square One Armoring Serv. Inc. v. United States*, 123 Fed.Cl. 309, 320-321 (Fed.Cl.

2015, to wit:

In addition to establishing that the court possesses jurisdiction over a bid protest dispute, a plaintiff must also meet the **Article III** justiciability requirements.[10] **Article III of the Constitution provides that the "**<u>**judicial Power of the United States**</u>**" is vested in courts empowered to decide certain "Cases" and "Controversies." U.S. Const. art. III.** <u>The case or controversy requirement serves a dual function.</u> *Flast v. Cohen*, 392 U.S. 83, 95, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). **First, the** <u>case or controversy requirement</u> "limit[s] the business of federal courts to questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process." *Id.* **Second,** the requirement "define[s] the role assigned to the judiciary in a tripartite allocation of power <u>to assure that the federal courts will not intrude into areas committed to the other branches of government.</u>" *Id.* "Justiciability is the term of art employed to give expression to this dual limitation placed upon federal courts by the case-and-controversy doctrine." *Id*

\* \* \*

**Although the Court of Federal Claims is not an Article III** <u>court, it is well-established that various justiciability doctrines</u> of **Article III** apply to this court. *Anderson v. United States*, 344 F.3d 1343, 1350 n.1 (Fed.Cir.2003); *see First Hartford Corp. Pension Plan & Trust v. United States*, 54 Fed.Cl. 298, 304 n.10 (2002) ("**<u>Although this [c]ourt is not an</u>** Article III <u>court, the 'case or controversy' requirement of Article III is still applicable.</u>") (citing *Freytag v. Comm'r*, 501 U.S. 868, 889, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991)). "Justiciability has both constitutional and prudential dimensions, and encompasses a number of doctrines under which courts will decline to hear and decide a cause. Though <u>justiciability</u> has no precise definition or scope, doctrines of <u>standing</u>, <u>mootness, ripeness, and political question are within its ambit.</u>" *Fisher v. United States*, 402 F.3d 1167, 1176 (Fed.Cir.2005); *see Emery Worldwide Airlines, Inc. v. United States*, 47 Fed.Cl. 461, 469 (2000) ("**<u>While Congress created this court under Article I of the U.S. Constitution and the 'case or controversy' requirement appears in Article III</u>**, the mootness doctrine and other justiciability precepts—including ripeness and **standing**—have often been properly invoked by this court.").

**a. The United States District Court Tribunal Constituted Under Article I Section 8 Clause Is A Court of "General Jurisdiction."**

The United States District Court "exercising the judicial power of a district court"[3] general jurisdiction (administrative being an legislative court and non-Article III Cases not in Law and Equity using the limits arising under Article III sections 1 and 2) is evidenced in *Eastern Metals Corporation v. Martin*, 191 F.Supp. 245, 248 (S.D.N.Y. 1960), to wit:

> A **United States District Court** is an 'inferior' court, i.e., inferior to the United States Supreme Court. The **District Court is a tribunal created by Congress under the power given to Congress by Article 1, Section 8, Clause 9,** of the United States Constitution, which provides that Congress shall have power '**To constitute Tribunals inferior to the supreme Court**'. *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed. 368. **The creation and composition of the United States District Courts is presently set forth in T. 28 U.S.C. § 132. A United States District Court has only such jurisdiction as the Congress confers upon the court.**
>
> **The general jurisdiction of United States District Courts is set forth in T. 28 U.S.C. Chap. 85 (§§ 1331 to 1360).**

## II. Who Is The "UNITED STATES OF AMERICA" And The "UNITED STATES?"

### A. "UNITED STATES OF AMERICA" and "UNITED STATES" in Case No. 0-16-cv-2547, "Plaintiff" is Identified as "UNITED STATES OF AMERICA."

The Mooneys persistently filed and challenged "standing" as who was the "Plaintiff" in Case No. 0-16-cv-2547; and, who was "UNITED STATES OF AMERICA;" and, who was "United States;" and who was the "Counsel for the United States of America;" and, who was the "Counsel for the United States." All the Mooneys got from **"SUSAN RICHARD NELSON, United States District Judge"** (**"NELSON"**) was totally Off-Point nonsense with no determinations of the essential elements of the "standing."

In Case No. 0-16-cv-2547 "UNITED STATES DISTRICT COURT—DISTRICT OF MINNESOTA" filed against the Mooneys, it is an unassailable fact that the "Plaintiff" is

---

[3] 28 U.SC. § 132(c).

identified as "**UNITED STATES OF AMERICA**" as evidenced by **Attachment 1—Summons and Complaint ("Attach 1—Complaint")**.

It is an unassailable fact that in **Attach 1—Complaint** that "United States" appears ten (10) times stating allegations and claiming property and costs from the Mooneys due to the "United States," and not the "UNITED STATES OF AMERICA."

In Case No. 0-16-cv-2547 "UNITED STATES DISTRICT COURT—DISTRICT OF MINNESOTA" filed against the Mooneys, it is an unassailable Fact that "Plaintiff" is identified in the Docket Sheet is the "UNITED STATES OF AMERICA" as evidenced by **Attachment 2––U.S. District Court, U.S. District of Minnesota—Docket Sheet Case No. 0-16-cv-2547" ("Attach 2—Docket Sheet USDC")**.

As filed in the Complaint with Attachments in this instant Case No. 1-19-cv-987, the "UNITED STATES OF AMERICA" never made an appearance in Case No. 0-16-cv-2547 "UNITED STATES DISTRICT COURT—DISTRICT OF MINNESOTA;" and further, no one that appeared in **NELSON's court** for the "Plaintiff" confirmed or denied that they were the "Counsel for the United States of America" or confirmed or denied that they were in fact the "Counsel for the United States" even though the Mooneys persistently demanded for the "Plaintiff" to have "standing" concerning the "Plaintiff" to identify itself by "name" and identify who is "counsel for" the "Plaintiff."

As evidenced in **Attachment 3—Order of Sale ("Attach 3—Order of Sale") "SUSAN RICHARD NELSON, United States District Judge" ("NELSON")** with the "Plaintiff" identified as "United States of America. But within **Attach 3—Order of Sale** we find (1) "**in favor of plaintiff** United States" (pg. 1); and, (2) "**including the plaintiff** United States" (pg. 2); and, "**at the sole discretion of the** United States" (pg. 4); and, "**the defendants or their**

agent shall notify <u>counsel for the United States</u>" (pg. 7).   This is the ONLY time the CON of the Case No. 1-19-cv-987 against the Mooneys that "counsel for the United States" or "counsel for the United States of America" appears although the Mooneys persisted to have the "Plaintiff" identify who was "Counsel for the United States of America" or who "Counsel for the United States" to have "standing" in Case No. 0-16-cv-2547 to filed pleadings and appear.

And further, with **NELSON** in on the "United States" and "United States of America" CON *flows a fortiori* that there is an undisclosed relationship that **NELSON** **is intentionally and knowingly covering for; and further, NELSON in her Orders with the Mooneys providing only one public record example of which there are more is evidenced in Attach 3—Order of Sale used both "United States of America" and "United States."**

**B.   The Mooneys Filed in the Complaint with the Defendant being "THE UNITED STATES" a/k/a "UNITED STATES OF AMERICA"**

As evidenced with the <u>excerpt</u> in Attachment 4—Complaint in the United States Court of Federal Claims in Case No. 1-19-cv-987 in Docket 1, ("Attach 4—Complaint") the Mooneys identified the Defendant as "**THE UNITED STATES**" a/k/a/ "UNITED STATES OF AMERICA." With the FN1 "Judge **NELSON** **HELD** that the "UNITED STATES" and "UNITED STATES OF AMERICA" are exactly the same.  Briefed below."

The is the best evidence that the Mooneys have and had being NO ONE to date has identified who has "standing as the "The United States;" or who has "standing" as the "United States of America;" and, who is the "Counsel for the United States" or  who is "Counsel for the United State of America."

The only logical conclusion being that in the "United States District Court" constituted as evidenced in the codified 28 U.S.C. § 132 under the authority "exercising the judicial power of a district court" under **Article I Section 8 Clause 9** "**To constitute Tribunals inferior to the**

supreme Court" has no Rule of Law on "Standing" that is used and required by the Courts of the United States arising under Article III Sections 1 and 2 "exercising the judicial Power of the United States" in "all Cases, in Law and Equity."

### C. The United States Court of Federal Claims Has Identified the Plaintiff as the "UNITED STATES OF AMERICA" and not the "The United States."

The Mooneys are confused as it is an unassailable fact that in the Mooneys Complaint at Docket 1 evidenced by **Attach 4—Complaint** that the Defendant is Identified as "The United States" as the Plaintiff and not the "United States of America" being an also known as name; and, the Mooney included under "a/k/a UNITED STATES OF AMERICA" as this was the Plaintiff in the Case No. 0-16-cv-2547 was the "United States of America."

The Mooneys followed the Rule 4 and Rule 10 of the United States Court of Federal Claims Rules to use "United States" as the Defendant with the understanding that the Statutes of the United States use "United States" and not the "United States of America." The Mooneys only found in the RCFC in "counsel for the United States" in Rule 27 (a)(2) and no provision for "counsel for the United States of America."

And further, as the Constitution of the United States that was established and ordained did establish and ordain the "**Government of the United States,**"[4] wherein *flows a fortiori* if the

---

[4] **Constitution of the United States, Article I Clause 17** "To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square), as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the **Government of the United States**, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings;--And; and,

**Constitution of the United States, Article I Clause 18** "To make **all Laws** which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the **Government of the United States**, or in any Department or Officer thereof.

Constitution of the United States, Article III excerpt "and transmit sealed to the Seat of the **Government of the United States**."

taking of the Mooneys property and money arising under Article III Sections 1 and 2 "exercising the judicial Power of the United States" in "all Cases, in Law and Equity" is clothed within the lawful and legal authority of the Constitution of the United States with the essential elements identified in Foot Note 4 it is a *sine qua non* that the ONLY Real Party with "Standing" is "The United States;" and, NOT the "UNITED STATES OF AMERICA."

And further, clothed with the "Constitution of the United States" is the authority for "Laws of the United States," not "Laws of the United States of America" within the boundaries of the several States, as evidenced in the Constitution of the United States in Article III Section 2[5]; and, Article VI Clause 2[6].

Therefore, the Mooneys Motion the Court to change the Defendant to "The United States" as filed in the Complaint and to explain to the Mooneys the *sua sponte* actions of the Court to use "a/k/a" "UNITED STATES OF AMERICA" instead of "**The United States**" as evidenced in **Attachment 5—Notice of Assignment of Judge for 1-19-cv-987 ("Attach 5— Notice").**

---

Constitution of the United States, Amendment 12 excerpt "and transmit sealed to the seat of the **government of the United States**"

[5] Section 2. The **judicial Power** shall extend to **all Cases, in Law and  Equity, arising under this Constitution. the Laws of the United States**, and Treaties made, or which shall be made, **under their Authority;--**

[6] This Constitution, and the **Laws of the United States** which shall be  made in Pursuance thereof; and all Treaties made, or which shall be  made, **under the Authority of the United States, shall be the supreme Law  of the Land;** and the Judges in every State shall be bound thereby, **any  Thing  in  the  Constitution  or  Laws  of  any  State  to  the  Contrary notwithstanding.**

Motion on Standing                                       9                                                        012

**D.  Margaret E. Sheer Files In With the Plaintiff being "THE UNITED STATES OF AMERICA" But As "The Attorney of Record for the United States."**

MARGARET E. SHEER ("SHEER") has filed in an appearance "as the attorney of record for the United States" being evidenced in **Attachment 6—Notice of Appearance of SHEER ("Attach 6—SHEER Appearance").**

The Mooneys research was unable to determine if "Counsel for the United States" is exactly the same as "Attorney of record for the United States," but the confirmed history with the Department of Justice Attorneys must presume that they are not exactly the same otherwise **SHEER** would of filed an appearance for "Counsel for the United States."

So who has "standing" for the "Plaintiff" identified as "UNITED STATES OF AMERICA" in **Attach 6—SHEER Appearance of SHEER's filing?**

**E.   *United States of America v. Kriemelmeyer*, 3-19-cr-90 (W.D.Wisc. 2019) We Find "Counsel For The United States of America." With Enforcing "Tax Laws of the United States and the IRS as an Agency of the United States.**

As evidenced in the docket sheet being **Attachment 7—*United States of America v. Krewimelmeyer*, Case. No. 3-19-cr-90 (W.D.Wisc. 2019)** it is an unassailable fact that "**Plaintiff**" is the "**United States of America.**"

In Docket 1, being the Indictment of Kriemelmeyer **Case. No. 3-19-cr-90 (W.D.Wisc. 2019)**, being evidenced in **Attachment 8—Indictment ("Attach 8—Indictment")** we find the "Plaintiff" is the "UNITED STATES OF AMERICA" but on pg. 1 we find "The **Internal Revenue Service** (IRS) is an **agency of the United States,** within the Department of the Treasury, responsible for **enforcing** and **administering** the **tax laws of the United States**." So does the "United States of America," *i.e.* "**SCHMALE**" have "standing" for an "agency of the United States" enforcing the "tax laws of the United States" in **Case. No. 3-19-cr-90 (W.D.Wisc. 2019)?**

Then in Docket 5 of **Case. No. 3-19-cr-90 (W.D.Wisc. 2019)**, a **ERIC C. SCHMALE** (**"SCHMALE"**) **of the Department of Justice** files "[H]ereby makes and enters his appearance in this case as <u>counsel for the United States of America</u>" as evidenced by **Attachment 9—Appearance of SCHMALE ("Attach 9—SCHMALE Appearance")**. Does **SCHMALE** have "standing" as "counsel for the United States" or "counsel for the United States of America?" Is **SCHMALE** enforcing the "tax laws of the United States" by and though the "United States of America?"

**F.** *United States of America v. Kyle*, **3-11-cr-94 (N.D.Tx. 2011), Kyle's Indictment Owing "United States of America"**

As evidenced in **Attachment 10—***United States of America v. Kyle*, **3-11-cr-94 (N.D.Tx. 2011) Docket 1 Indictment (Attach 10—Kyle Indictment")** we find on pg. 1 "There was owing to the <u>United States of America</u> an income tax of approximately \$30,211." So in this Indictment the "Plaintiff" is the "UNITED STATES OF AMERICA" and the "income tax" is owed the "**United States of America**" and not the "**United States;**" and the "**proper officers of the** <u>United States of America.</u>"

**G.** *United States of America v. Kuyrkendall*, **3-09-cr-18 (S.D.Miss. 2009) Docket 1—Indictment "Proper Officer of the United States"**

As evidenced in **Attachment 12—***United States of America v. Kuyrkendall* **3-09-cr-18 (S.D.Miss. 2011) Docket 1, Indictment (Attach 12—Kuykendall Indictment")**, Kyle's Indictment we seen that the Money to be paid to a "**proper officer of the** <u>United States</u>."

      **a.** <u>Kuvrkendall Appeal to the United States Court of Appeals for the Federal Circuit Docket No. 17-1713 (2017) for *United States of America v. Kuyrkendall* 3-09-cr-18 (S.D.Miss. 2011)—BRINGER is "counsel for the United States."</u>
Kuyrkendall did Appeal the bona fide Article III Appellate Court in United States Court of Appeals for the Federal Circuit Docket No. 17-1713 (2017) of *United States of America v. Kuyrkendall* 3-09-cr-18 (S.D.Miss. 2011) conviction.

In Docket No. 17-1713 Federal Circuit Docket No. 17-1713 (2017) as evidenced in Attachment 13—Federal Circuit Docket No. 17-1713 (2017), NORAH E. BRINGER of the Department of Justice Filed in "As counsel for United States" ("Attach 13—BRINGER as "counsel for the United States." The Federal Circuit Court of Appeals rejected the Appeal so Kuykendall had to file in the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit").

### b. Kuyrkendall Appeal to the Fifth Circuit Docket No. 17-60335 for *United States of America v. Kuyrkendall* 3-09-cr-18 (S.D.Miss. 2011)—BRINGER is "Counsel for the United States of America"

In Docket No. 17-60335 Fifth Circuit as evidenced in Attachment 14— Docket No. 17-60335 Fifth Circuit NORAH E. BRINGER of the Department of Justice Filed in as "counsel for United States of America" for the very same *United States of America v. Kuyrkendall* 3-09-cr-18 (S.D.Miss. 2011) Case.

So here is evidence of the Appeal from the very same criminal conviction of *United States of America v. Kuyrkendall* 3-09-cr-18 (S.D.Miss. 2011) where BRINGER in the Federal Circuit Docket No. 17-1713 is "counsel for the United States;" and, in the Fifth Circuit the same BRINGER on the same case being appeals is now changed to "Counsel for the United States of America."

So, which is true "counsel for the United States" or "counsel for the United States of America?" How can "standing" be changing due to the Appellate Court understanding that the Federal Circuit is Article III and the Fifth Circuit isn't Article III arising under Article III Sections 1 and 2.

## H. In 1913 Suddenly the "United States of America is a Sovereign Body Politic" as the Plaintiff and Defendant in the "District Court of the United States."

With the "People of several States" CONNED into believing they were "citizens of the United States" that has no rights of suffrage or right of the elective franchise, *infra.*, and legislators electing the "Senators of the United States;" therein Congress has successfully divested the two parties to the Constitution of the United States reverting back to the "United States of America" as in the Articles of Confederation.

By checking in Westlaw it is easily validated that it took from about 1913 to 1916 to get all of the attorneys to use only the "United States of America" instead of the "United States" as Plaintiff or Defendant that was used from 1789 till 1913.

The "United States of America is a sovereign body politic" is evidenced by the public record of filed in Pacer Cases and is filed in the public record in Palmer, Alaska in the Recording District of 311 **Attachment 15—Palmer Record District 311 "United States of America is a sovereign body politic" No. "2018-013613-0" ("Attach 15—USA Sovereign Body Politic")** this is self-authenticating under evidence Rule 901(7).

Who is the "United States of America" that filed into all of the "District Courts of the United States" until the establishment of the "United States District Court" of 28 U.S.C. § 132 being an Article I Section 8 Clause 9[7] "to **constitute inferior tribunals** to the supreme Court," *infra.*

And who is the "sovereign body politic" that magically appeared after the Seventeenth Amendment of 1913 wherein logically the ONLY answer is "Congress" legislating for only "citizens of the United States."

---

[7] *Eastern Metals Corporation v. Martin*, 191 F.Supp. 245, 248 (S.D.N.Y. 1960); *United States v. Roberts*, 618 F.2d 530, 546 (9th Cir. 1980).

If the "United States of America is a sovereign body politic" and the "United States" is exactly the same as "United States of America" therein if *flows a fortiori* that the "United States is a sovereign body politic." Where is the Rule of Law and Due Process of Law as these LIES just keep getting bigger as the Mooneys are overwhelmed in proving all of the LIES by **NELSON and PAHL.**

The Mooneys found in the Complaint (**this Complaint that is taken to be true** is by Highest level of People deemed to know the law) in *State of New York, City of New York, State of Colorado, State of Connecticut, State of Delaware, District of Columbia, State of Hawaii, State of Illinois, State Maryland, Commonwealth of Massachusetts, State of Michigan, State of Minnesota, State of Nevada, State of New Jersey, State of New Mexico, State of Oregon, Commons wealth of Pennsylvania, State of Rhode Island, State of Vermont, Commonwealth of Virginia, State of Wisconsin, City of Chicago and County* excerpt evidenced by **Attachment 16––***State of New York, et al v. USA et al*, 1-19-cv-4676 (S.D.N.Y. 2019) ("**Attach 16—Complaint in New York**") that the *State of New York* and others are all a "**sovereign State of the United States of America**" including the *State of Minnesota* and none are one of the several States. Is this the same "United States of America that is sovereign body politic?"

There are many, many more examples but his established the unassailable Fact that "State of Minnesota" is a "Sovereign State of the United States of America" therein *flows a fortiori* that Minnesota is not one of the several States of the Union of States in the Constitution of the United States.

## I.  United States of America Can Be Sued Under 5 U.S.C. § 702

The Mooneys were shocked finding that the "United States of America" can be sued under 5 U.S.C. § 702 as an agency.
**How can the "United States" and "United States of America" be exactly the same**

**but only the "United States" can be sued under 28 U.S.C. 1491 rule 4 and rule 10; and, the**

**"United States of America" can be sued under 5 U.S.C. § 702?**

In Attach 16—Complaint in New York, pg. 10 "37. Defendant the **United States of**

**America is sued as allowed by 5 U.S.C. § 702.**"

5 U.S.C. § 702 has to do with agencies being able to sue under the Administrative

Procedure Act of 1946 as amended, to wit:

> A person suffering legal wrong because of agency action, or adversely affected or
> aggrieved by agency action within the meaning of a relevant statute, is entitled to
> judicial review thereof. An action in a court of the United States seeking relief
> other than money damages and stating a claim that an agency or an officer or
> employee thereof acted or failed to act in an official capacity or under color of
> legal authority shall not be dismissed nor relief therein be denied on the ground
> that it is against the United States or that the United States is an indispensable
> party. The United States may be named as a defendant in any such action, and a
> judgment or decree may be entered against the United States: *Provided*, That any
> mandatory or injunctive decree shall specify the Federal officer or officers (by
> name or by title), and their successors in office, personally responsible for
> compliance. Nothing herein (1) affects other limitations on judicial review or the
> power or duty of the court to dismiss any action or deny relief on any other
> appropriate legal or equitable ground; or (2) confers authority to grant relief if any
> other statute that grants consent to suit expressly or impliedly forbids the relief
> which is sought.

**J.  United States of America is an agency of the United States**

In *Mallinckrodt Inc. v. United States Food and Drug Administration , et al*, 2015 WL

13091366, 8-14-cv-3607 (D.Maryland 2014) Dkt. 47, "**United States of America** is named as a

[D]efendant pursuant to **5 U.S.C. §§ 702-703**, because this is an action for judicial review of

actions of any **agency of the United States** that have affected Plaintiff adversely."

In *Goodman v. United States of America*, Appellate Brief, (10th Cir. 2006 – 05-1440)

"The mandamus statute clearly states that the mandamus directs an officer or employee of the

United States, or an agency thereof to perform a duty owed to a plaintiff. **Although the United**

**States of America is an agency of the United States it lacks the Sovereign Immunity that the**

**United States can claim."**

## K.  Sovereign Power is Posited in the People of These United States.

The sovereign Power is vested ONLY in the People of these United States as also

confirmed in In *Martin v. Hunter's Lessee*, 14 U.S. 304, 324-325 (1816), to wit:

> The **constitution of the United States was ordained and established,** not by the
> states in their **sovereign capacities,** but emphatically, as the preamble of the
> constitution declares, by **'the people of the United States.'** There can be no
> doubt that it was competent to the people to invest the general with all the powers
> which they might deem proper and necessary; to extend or restrain these powers
> according to their own good pleasure, and to give them a paramount and supreme
> authority. As little doubt can there be, that the people had a right to prohibit to the
> states the exercise of any powers which were, in their judgment, incompatible
> with the objects of the general compact; to make the powers of the state
> governments, in given cases, **subordinate to those of the nation, or to reserve
> to themselves those sovereign authorities which they might not choose to
> delegate to either.** The constitution was not, therefore, necessarily carved out of
> existing state sovereignties, **nor a surrender of powers already existing in state
> institutions, for the powers of the states depend upon their own constitutions;**
> and the people of every state had the right to modify and restrain them, according
> to their own views of the policy or principle. On the other hand, **it is perfectly
> clear that the sovereign powers vested in the state governments, by their
> respective constitutions, remained unaltered and unimpaired, except so far
> as they were granted to the government of the United States.**

## L.  The Government can Claim No Power Which are not Granted by the Constitution of the United States.

This "United States of America is a sovereign body politic," **Attach 15—USA Sovereign**

**Body Politic,** is totally foreign to the Constitution of the United States and Congress under the

guise or CON can the "United States of America" claim to be a "sovereign body politic" and

then to only use this in the current "United States District Courts" (Article I Section 8 Clause 9)[8]

legislative courts under the control of Congress.

In *Martin v. Hunter's Lessee*, 14 U.S. 304, 325-326 (1816), to wit:

---

[8] *Eastern Metals Corporation v. Martin.* 191 F.Supp. 245, 248 (S.D.N.Y. 1960); *United States v. Roberts*, 618 F.2d 530, 546 (9th Cir. 1980).

They have been positively recognized by one of the articles in amendment of the constitution, which declares, that '**the powers not delegated to the United States by the constitution, nor prohibited by it to the states, are** <u>reserved to the *states* respectively, or *to the people*.</u>' The government, then, of the United States, <u>**can claim no powers which are not granted to it by the constitution**</u>, and the **powers actually granted, must be such as are expressly given, or given by necessary implication.**

See *Edye v. Robertson*, 18 F. 135, 142-144 (Cir.Ct.E.D.N.Y. 1883) [Important Other Memorandum within *Edye* also—Constitutional Construction, General Power of Commerce and Business, What is Not within the Power of Congress, Powers Concurrent, Limitation on Power of Taxation, Restrictions on the Power of Congress, Treaties and Acts of Congress as Supreme Law, Passenger Tax], to wit:

**POWERS OF UNITED STATES GOVERNMENT.** By the revolution the powers of government **devolved upon the people of the United States;** FN2, the **body of electors composing the state; FN3, the sovereign people;** every citizen being a constituent member, FN4, who had the power to invest the general government with all the powers they might deem proper and necessary, and to prohibit the states from exercising any powers incompatible with the objects of the general compact. FN5. **The government of the United States is one of delegated powers alone, limited in the number of powers enumerated in the federal constitution, but supreme within the scope of its delegated powers, FN6,** while **state constitutions are but limitations on sovereign powers already existing;** FN7, and it is clothed with **absolute sovereignty to the extent of its powers, FN8, separate and distinct from state sovereignty, FN9,** although they may operate on the same subject; FN10, but in case of conflict the general government is supreme. FN11. **The powers actually granted must be such as are expressly given, or given by necessary implication; FN12.** and in the exercise of all those means, and the employment of all those agencies and instrumentalities, 'necessary and proper for carrying into execution its granted powers,' **the government of the United States is as supreme and independent as the states which created it. FN13.** Whenever any act done under its authority is challenged, the proper sanction must be found in its charter, <u>**or the act is ultra vires and void. FN14.**</u> The constitution divides the government into three departments,— <u>**the executive, legislative, and judicial,**</u>—**the lines of separation being clearly defined and closely followed, neither being permitted to encroach on the power exclusively confided to the other. FN15.** Among the powers expressly granted is the power of taxation, FN16 which is also granted by necessary implication as a means in the exercise of other powers expressly granted; FN 17, and the exercise of this power is vested in the legislative department, with which the judiciary cannot interfere. FN18.

FN2 *McCulloch v. Maryland,* 4 Wheat. 316; Dartmouth College Case, 4 Wheat. 518; *Green v. Biddle,* 8 Wheat. 1; *Ogden v. Saunders,* 12 Wheat. 213; *Cherokee Nation v. Georgia,* 5 Pet. 1; FN3 *Penhallow v. Doane,* 3 Dall. 93. FN4 *Scott v. Sandford,* 19 How. 404; FN5 *Martin v. Hunter's Lessee,* 1 Wheat 325. FN6 *U.S. v. Cruikshank,* 92 U.S. 550; 1 Woods, 308; *McCulloch v. Maryland,* 4 Wheat. 316; *Scott v. Sandford,* 19 How. 393; *Ableman v. Booth,* 21 How. 503; *Lane Co. v. Oregon,* 7 Wall. 76; *Dobbins v. Erie Co.* 16 Pet. 435; *Gibbons v. Ogden,* 9 Wheat. 1; *Briscoe v. Bank of Ky.* 11 Pet. 257; *Frasher v. State,* 3 Tex.Ct.App. 273; *Fifield v. Close,* 15 Mich. 505; *State v. Garton,* 32 Ind. 1; *State v. Gibson,* 36 Ind. 389; *People v. Brady,* 40 Cal. 198; *Bradwell v. State.* 16 Wall. 130. FN7 *Ohio Life Ins. & T. Co. v.* Debolt, 16 How. 428. FN8 *Metrop. Bank v. Van Dyck,* 27 N.Y. 407. FN9 *Ableman v. Booth,* 21 How. 506; *Newell v. People,* 7 N.Y. 93; *People v. N.Y. Cent. R. Co.* 24 N.Y. 486; *Metrop. Bank v. Van Dyck,* 27 N.Y. 411. FN10 *Brown v. Maryland,* 12 Wheat. 419; *Weston v. Charleston,* 2 Pet. 449; *Dobbins v. Erie Co.* 16 Pet. 435; *Collector v. Day,* 11 Wall. 113; *Nat. Bank v. Com.* 9 Wall. 353; *Sweatt v. Boston,* etc., *R. Co.* 5 N.B.R. 249; *Passenger Cases,* 7 How. 283; *Tarble's Case,* 13 Wall. 397. FN11 *Tarble's Case,* 13 Wall. 397; *Matter of Farrand,* 1 Abb. (U.S.) 146. FN12 *Andrews v. Auditor,* 28 Grat. 121. FN13 Id.; *Bank of Commerce v. N.Y. City,* 2 Black, 620; *Bank Tax Case,* 2 Wall. 200; *Osborn v. Bank of U.S.* 9 Wheat 738. FN14 *Pacific Ins. Co. v. Soule,* 7 Wall. 444. FN15 *Kilbourn v. Thompson,* 103 U.S. 168; *Ex parte Stephens,* 70 Mass. 559; Hayburn's Case, 2 Dall. 409, note. FN16 Const. U.S. art. 1, Sec. 8, subd. 1. FN17 Id. subd. 18. FN18 Id. subd. 1.

\* \* \*

**EXECUTION OF POWERS AND ENFORCEMENT OF RIGHTS.** The constitution does not profess to enumerate the means by which the powers it confers may be executed. If the means are appropriate, the necessity for their use is to be determined by congress alone. **FN34. If the constitution guaranties a right, the national government is clothed with authority to enforce it;** FN35 and one method may be applicable to one **fundamental right,** while another may not So FN36 a side discretion is left to congress to determine what is necessary. FN37 In the exercise of its power 'to lay and collect taxes, duties, imposts, and excises, ' congress may, to enforce their payment, authorize the distraint and sale of either real or personal property without 'due process of law.' FN38.

FN34 *McCulloch v. Maryland,* 4 Wheat. 316; *Metropolitan Bank v. Van Dyck,* 27 N.Y. 400. FN35 *U.S. v. Cruikshank,* 92 U.S. 542; *1 Woods,* 308; *Prigg v. Com.* 16 Pet. 539. FN36 *U.S. v. Cruikshank,* 92 U.S. 542; *1 Woods,* 308. FN37 *Legal-tender Cases,* 12 Wall 534; *Low v. Cent. Pac. R. Co.* 52 Cal. 63. FN38 *Springer v. U.S.* 102 U.S. 586.

**RESTRICTIONS ON THE POWER OF CONGRESS.** The power of congress to interfere with exports is taken away by the provision of the constitution that 'no

tax or duty shall be laid on articles exported from any state; **FN 69** 'but a charge for a stamp on a package of tobacco intended for export, made as a means to prevent fraud, is not a tax on exports; **FN70** nor is an act regulating commercial intercourse with the insurrectionary states and imposing duties thereon. **FN71** <u>The first 10 amendments to the federal constitution are restrictions on the power of congress; they do not apply to the states</u>; **FN72** and so of the fifth amendment, which has no reference to the exercise of the powers of state governments. **FN73.**

> **FN69** Const. U.S. art. 1, Sec. 9, subd. 5; *Hylton v. U.S.* 3 Dall. 171; *The Williams, Hall's Law J.* 255. **FN70** *Pace v. Burgess*, 92 U.S. 372. **FN71** *Folsom v. U.S.* 4 Ct.Cl. 366. **FN72** *Barron v. Baltimore*, 7 Pet. 250; *Livingston v. Moore*, 7 Pet. 469; *Bald. 424; Fox v. Ohio*, 5 How. 434; *Smith v. Maryland*, 18 How. 76; *Withers v. Buckley*, 20 How. 90; 29 Miss. 21; *Legal-tender Cases*, 12 Wall. 535; *North Mo. R. Co. v. Maguire*, 20 Wall. 46; 49 Mo. 490; *Edwards v. Elliott*, 21 Wall. 557; *Twitchell v. Com.* 7 Wall. 325; *Pervear v. Com.* 5 Wall. 479; *U.S. v. Cruikshank*, 92 U.S. 552; *1 Woods*, 308; *U.S. v. Rhodes*, 1 Abb.(U.S.) 43; *Colt v. Eves*, 12 Conn. 243; *Jackson v. Wood*, 2 Cow. 819; *Murphy v. People*, Id. 815; *Barker v. People*, 3 Cow. 686; *Hill v. State*, 53 Ga. 472; *Baker v. Wise*, 16 Grat. 139; *Bryan v. State*, 4 Iowa, 349; *State v. Barnett*, 3 Kan. 250; *Com. v. Hitchings*, 71 Mass. 482; *Com. v. Pomeroy*, Id. 486; *State v. Schricker*, 29 Mo. 265; *State v. Millain*, 3 Nev. 407; *Astor v. New York*, 37 N.Y.Super. 560; *State v. Paul*, 5 R.I. 185; *James v. Com.* 12 Serg.& R. 220; *Lincoln v. Smith*, 27 Vt. 328; *Livingston v. Mayor*, etc., 8 Wend. 85; *Matt. of Smith*, 10 Wend. 449; *Lee v. Tillotson*, 24 Wend. 337. **FN73** *Kelly v. Pittsburgh*, 104 U.S. 79; *Withers v. Buckley*, 20 How. 84; *Davidson v. New Orleans*, 96 U.S. 97.

See also *Tennessee v. United States Department of State*, 329 F.Supp.3d 597, 621-622

(W.D.Tenn. 2018).

### III. Conclusion

Therefore, the Mooneys have with due diligence pursued who has "standing" as "United States;" and/or, who has "standing" as "United States of America;" and, who is the "sovereign body politic" in "United States is a sovereign body politic" with no one providing "standing" and their specific identity to the Mooneys.

The Mooneys have with due diligence pursed who is "counsel for the United States" and/or who is "Counsel for the United States of America" with ZERO success to date.

The Mooneys are being prejudiced and denied Due Process of Law if the "Plaintiff" does no establish on the Record its "Standing" and who is the "Counsel for the United States" and/or who is "Counsel for the United States of America."

And further, the Mooneys Motion the Court that using the rules of common law and equity (28 U.S.C. § 2515" and the "standing cites, *supra*. that the Court operate as an Article III Section 1 and 2 Court of the United States) for "standing" to force any party who as an "Defendant" enters in this instant Cases to provide their true identity; and, to provide the relationship being the "United States" and the "United States of America;" and, provide who is this "sovereign body politic" of the "United States of America:" and to provide how they have "standing" in an Article III Sections 1 and 2 of the United States Court of Federal Claims.

And further, the Mooneys Motion the Court to change this instant case to the "The United States" as primary Plaintiff and not the "United States of America" as filed as the "Government of the United States" is still in power (hopefully).

The Mooneys are being denied Due Process of Law and a Trial under Article III Sections 1 and 2 "exercising the judicial Power of the United States" in "all Cases, in Law and Equity."

My Hand, *William Joseph Mooney*

My Hand, *Jan Therse Mooney*

## IV.  Certificate of Service

I certify that this Expedited Motion and Attachments were mailed to the following parties via USPS first Class prepaid with two copies to the United States Court of Federal Claims and one copy to the Attorney who Standing has not appeared to enter this instant Case, to wit:

**MARGARET ELIZAETH SHEER**
U.S. Dept. of Justice, Tax Div. (G)
Ben Franklin Station
P.O. Box 26
Washington, D.C.
202-307-6627 Phone
202-514-9440 Fax
Margaret.e.sheer@usdoj.gov

United States Court of Federal Claims
717 Madison Place, NW
Washington, D.C. 20439

Date:  August 9th, 2019

_____
Signature.

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 16-cv-2547 (SRN/LIB) |
| Plaintiff, | |
| v. | **AMENDED MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| William J. Mooney, Joni T. Mooney, and Harbor Holdings, Mid-Atlantic Trustees and Administrators, | |
| Defendants. | |

Michael R. Pahl, U.S. Department for Justice, Tax Division, P.O. Box 7238 Ben Franklin Station, Washington, DC 20044, for Plaintiff.

William J. Mooney and Joni T. Mooney, 409 6th Avenue Northwest, Little Falls, MN 56345, pro se.

SUSAN RICHARD NELSON, United States District Judge

This matter comes before the Court on the Objection ("Objection") [Doc. No. 167] of Defendants William J. Mooney and Joni T. Mooney (collectively "the Mooneys") to Magistrate Judge Leo I. Brisbois's Report and Recommendation dated September 28, 2018 ("R&R of September 28, 2018") [Doc. No. 166]. In the R&R, Magistrate Judge Brisbois recommended that the Mooneys' Motion to Dismiss and Motion to Vacate Judgment [Doc. No. 157] be denied. For the reasons set forth below, and after a *de novo* review, this Court overrules the Mooneys' Objection, adopts the R&R in its entirety, and denies the Mooneys' Motion to Dismiss and Motion to Vacate Judgment.

1

## I.    Background

The facts and lengthy procedural history of this case have been thoroughly and accurately stated in several Orders of this Court and of the magistrate judge. (*See, e.g.,* Order of Nov. 7, 2016 [Doc. No. 36]; Order Deny. Defs.' Mot. to Dismiss [Doc. No. 78].) Therefore, this Court, like the magistrate judge, recites the facts here only to the extent necessary to contextualize and rule on the Mooneys' Objection.

On June 13, 2018, the Mooneys filed a Motion to Dismiss and Motion to Vacate Judgment. (Defs.' Mot. to Dismiss and Mot. to Vacate.) In it, the Mooneys asked this Court to set aside the judgment that this Court entered against them on May 15, 2018. (Order Grant. Pl.'s Mot. for Summ. J. [Doc. No. 150].) However, rather than filing a substantive pleading, the Mooneys again filed the same "meaningless and routinely and properly rejected tax protestor documents" advancing the same unmeritorious arguments that this Court had rejected in its prior Orders. (R&R of Sept. 28, 2018 at 3.)

After reviewing the Mooneys' claims, the magistrate judge first found that "[a]lthough Defendants [did] not cite to any Federal Rule of Civil Procedure upon which they base their []post-judgment Motion, construing their pro se pleading liberally, Defendants appear[ed] to be bringing their present Motion pursuant to Rule 60(b)." (*Id.* at 2.) However, the magistrate judge noted that the Mooneys did not demonstrate any circumstances which would warrant relief under Rule 60(b). (*Id.* at 3.) Specifically, the magistrate judge reasoned that the Mooneys made "no claim that there has been any mistake, inadvertence, surprise, or exclusable neglect on the part of any party in the present case . . . nor [did they] proffer[] any newly discovered evidence in support of

2

their []Motion." (*Id.*)

Moreover, the magistrate judge found that the Mooneys' arguments "merely

repeat[ed] previous failed arguments that they have already presented to the Court." (*Id.*)

The magistrate judge concluded that it was "an unassailable fact that the Court has

subject matter jurisdiction over the present case," that the contention that the United

States of America's ("Plaintiff's") counsel's appearance was improper due to the

distinction between the United States and the United States of America was "a meritless

assertion[,]" and that the Mooneys' arguments regarding personal jurisdiction due to the

claim that the Mooneys are not "citizens of the United States" had been "squarely and

repeatedly rejected." (*Id.* at 3–4.) In light of these conclusions, the magistrate judge found

that both of the Mooneys' motions should be denied. (*Id.* at 5.)

On October 12, 2018, the Mooneys filed their Objection to the R&R. As more

thoroughly discussed below, the Mooneys regrettably continue to assert the same

meritless tax protestor arguments that this Court and the magistrate judge have

thoroughly addressed and rejected. Because this Court fully agrees with the magistrate

judge's R&R, this Court overrules the Mooneys' Objection and adopts the R&R in its

entirety.

## II.    Discussion

### A.    Standard of Review

Upon issuance of an R&R, a party may "serve and file specific written objections

to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The

objections should specify the portion of the magistrate judge's [R&R] to which

3

objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No.

07-cv-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Objections

which are not specific but merely parrot arguments already presented to and considered

by the magistrate judge are not entitled to *de novo* review. *Dunnigan v. Fed. Home Loan

Mortg. Corp.*, No. 15-cv-2626 (SRN/JSM), 2017 WL 825200, at *3 (D. Minn. Mar. 2,

2017) (citing *Mashak v. Minnesota*, No. 11-cv-473 (JRT/JSM), 2012 WL 928251, at *2

(D. Minn. Mar. 19, 2012)). Furthermore, when presenting arguments to a magistrate

judge, parties must put forth "not only their 'best shot' but all of their shots." *Ridenour v.

Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (quotations and

citations omitted). Thus, a party cannot, in his objections to an R&R, raise arguments that

were not clearly presented to the magistrate judge. *Hammann v. 1-800 Ideas.com, Inc.*,

455 F. Supp. 2d 942, 947–48 (D. Minn. 2006). Still, this Court reviews *de novo* any

portion of the magistrate judge's R&R to which specific objections are made, and "may

accept, reject, or modify, in whole or in part, the findings or recommendations" contained

in that R&R. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. LR

72.2(b)(3).

### B.     Analysis

In their Objection, the Mooneys set forth eleven reasons why this Court should

decline to adopt the R&R. They contend: (1) that this Court lacks authority to make law

or to refer motions to a magistrate judge based on the definition of "district court"; (2)

that Article III does not give this Court subject matter jurisdiction over the case; (3) that

"counsel for the United States lacks authority to bring this suit"; (4) that they are not

4

making a "facial attack" on the jurisdiction of the Court; (5) that there is a distinction between the United States and the United States of America; (6) that the Court has not addressed the issue of subject matter jurisdiction on the record; (7) that the legislative history of Article III clarifies that this Court does not have subject matter jurisdiction; (8) that the Mooneys are not "citizens of the United States"; (9) that the state of Minnesota is not one of the "several states" but a state "within the United States"; (10) that the word "means" should be construed to have an "exclusive definition"; and (11) that the previous decision by the United States Tax Court should be replicated in this case. (Defs.' Obj. at 1–29.)

In essence, the Mooneys' objections can be grouped into four categories. First, the Mooneys assert that this Court lacks subject matter jurisdiction over the present case. Second, they contend that counsel for the United States lacks authority to bring this suit because there is a difference between the United States and the United States of America. Third, they argue that they are citizens of Minnesota instead of citizens of the United States. And finally, they argue that the Tax Court's dismissal of a previous and unrelated case for lack of jurisdiction should preclude this Court's consideration of the Mooneys' case.

At the outset, this Court notes that the first three of the Mooneys' contentions have been thoroughly and repeatedly addressed and rejected by this Court and the magistrate judge throughout these proceedings. (*See, e.g.*, Order Deny. Defs.' Mot. to Dismiss; Order Deny. Defs.' Mot. for Summ. J [Doc. No. 143]; Order Grant Pl.'s Mot. for Summ. J.) This Court has, time after time advised the Mooneys that the law-of-the-case doctrine

5

bars them from continuing to advance the same unmeritorious arguments that have already been rejected by this Court. (*Id.*) Although the Mooneys remain undeterred, this Court will not address those arguments any further. For the reasons already explained elsewhere, the Mooneys' objections about jurisdiction, Plaintiff's counsel's ability to bring suit, and citizenship are overruled.

The last of the Mooneys' contentions—that the Tax Court's dismissal of a previous and unrelated case for lack of jurisdiction should preclude this Court's consideration of the Mooneys' case—is patently frivolous and does not merit a lengthy discussion. (Defs.' Obj. at 26.) On July 20, 2018, the United States Tax Court dismissed a case, filed by the Mooneys, against the Commissioner of Internal Revenue, for lack of jurisdiction. (*Id.* at Attach. 4.) It did so because no notice of deficiency had been issued to the Mooneys for the taxable years of 1990 to 2017, within 150 days of the filing, that would permit them to invoke the Court's jurisdiction. (*Id.*) According to the Internal Revenue Manual, only once the Commissioner of Internal Revenue has determined that a tax deficiency exists, is a taxpayer able to dispute it in the Tax Court. IRM § 35.1.1.2.[1] That decision has nothing to do with the Court's ruling here.

In conclusion, after a *de novo* review of all the files, records, and proceedings herein, this Court agrees with the magistrate judge that both of the Mooneys' motions should be denied. Accordingly, this Court overrules the Mooneys' Objection and adopts

---

[1] Although the Court reviews this argument, it is not required to under *Hammann*, 455 F. Supp. 2d at 947–48, as it was not previously raised in the Mooneys' motions to the magistrate judge. (Defs.' Mot. to Dismiss and Mot. to Vacate.)

031

the R&R in its entirety.

## III.   Conclusion

Based on the foregoing, and all the files, records and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.  Defendant Mooneys' Objection [Doc. No. 167] is **OVERRULED**;

2.  Magistrate Judge Brisbois's R&R [Doc. No. 166] is **ADOPTED** in its entirety; and

3.  Defendant Mooneys' Motion to Dismiss and Motion to Vacate Judgment [Doc. No. 157] are **DENIED**.

Dated: February 6, 2019                    s/Susan Richard Nelson
                                           SUSAN RICHARD NELSON
                                           United States District Judge

032

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 16-cv-2547 (SRN/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| William J. Mooney, Joni T. Mooney, and Harbor Holdings, Mid-Atlantic Trustees and Administrators, | |
| Defendants. | |

Michael R. Pahl, United States Department of Justice, Tax Division, P.O. Box 7238 Ben Franklin Station, Washington, District of Columbia, for Plaintiff.

William J. Mooney and Joni T. Mooney, 409 Sixth Avenue Northwest, Little Falls, Minnesota 56345, pro se.

SUSAN RICHARD NELSON, United States District Judge

## I.   INTRODUCTION

This matter comes before the Court on the Answer and Objection [Doc. No. 113] ("Objection") of Defendants William J. Mooney and Joni T. Mooney (together, the "Mooney Defendants") to United States Magistrate Judge Leo I. Brisbois's Report and Recommendation ("R&R"), dated November 2, 2017 [Doc. No. 112]. The magistrate judge recommended that the Mooney Defendants' Motion for Summary Judgment [Doc. No. 83] be denied.

1

Pursuant to statute, this Court reviews *de novo* any portion of the magistrate judge's opinion to which specific objections are made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations" contained in that opinion.   28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b)(3).  For the reasons stated herein, the Court overrules the Mooney Defendants' objections and adopts the R&R in its entirety.

## II.    BACKGROUND

The facts underlying this case and the present motion have been thoroughly and accurately stated in the R&R, the background section of which the Court incorporates by reference here.  As the Court previously noted in its Order denying the Mooney Defendants' motion to dismiss and adopting the magistrate judge's R&R, the Mooney Defendants have taken an unconventional approach to this litigation.  (Order dated May 31, 2017 [Doc. No. 78], at 3.)  Since the Court's last order in this case, the Mooney Defendants have proceeded with the same litigation strategy as before, filing this and other motions accompanied by a series of affidavits such as their "Affidavit of Non Response to Notice of Fault in Dishonor."

The Mooney Defendants' Motion for Summary Judgment raises nine issues which Magistrate Judge Brisbois addressed in the R&R.  Several arguments raised in this motion simply restate arguments from the Motion to Dismiss which were already rejected by this Court, and are now barred by the law-of-the-case doctrine.  (*See* R&R, at 4–7.)  After reviewing the rest of the arguments, Magistrate Judge Brisbois found that the Mooney

2

Defendants had failed to show that the United States could not succeed, as a matter of law, on the claims presented in the case. (*Id.* at 10–13.)

Magistrate Judge Brisbois filed the R&R as to the Mooney Defendants' motion on November 2, 2017, recommending that the motion be denied. The Mooney Defendants have since filed timely objections to the R&R, triggering this *de novo* review. The Mooney Defendants raise three objections to Magistrate Judge Brisbois's R&R: (1) that the Government failed to provide legal authority establishing the Mooney Defendants' obligation to pay the taxes in question; (2) that counsel for the United States lacks the power to bring this suit; and (3) that the statute of limitations has expired for claims that arose from the 2002 and 2003 tax periods, or alternatively, that the form giving notice of the liens was illegally filed.

## III.   DISCUSSION

### A.   Standard of Review

Upon issuance of an R&R, a party may "serve and file *specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). "The objections should specify the portion of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Objections which are not specific but merely parrot arguments already presented to and considered by the magistrate judge are not entitled to *de novo* review. *Dunnigan v. Fed. Home Loan Mortg. Corp.*, No. 15-cv-2626 (SRN/JSM), 2017 WL 825200, at *3 (D. Minn. Mar. 2, 2017) (citing *Mashak v. Minnesota*, No. 11-cv-473 (JRT/JSM), 2012 WL 928251, at *2 (D. Minn. Mar.

3

19, 2012)). Furthermore, when presenting arguments to a magistrate judge, parties must put forth "not only their 'best shot' but all of their shots." *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (quotations and citations omitted). Thus, a party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge. *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006).

### B.    Statutory Authority for United States' Claims

The Mooney Defendants assert that the Government has not cited any statute that would obligate them to pay the taxes at issue in this case, which they refer to as "1040" taxes. (Obj., at 2–3.) The Mooney Defendants raised this argument in their summary judgment motion and Magistrate Judge Brisbois addressed it in the R&R. (*See* R&R, at 12–13.) As Magistrate Judge Brisbois noted, the Mooney Defendants' argument arises from their misunderstanding of the charges in the Complaint. (*Id.*) The Complaint alleges that the Mooney Defendants failed to pay federal income tax, which is generally reported on a "Form 1040." (Compl. [Doc. No. 1] ¶¶ 6–11.) The Mooney Defendants misapprehend this to mean that the Government alleges they failed to pay *estate* taxes governed by 26 U.S.C. § 1040. (*See* Obj., at 3 ("Because we are living and not deceased, therefore we are not subject or have no duty or obligation to pay 26 USC 1040 [sic] tax.").)

As Magistrate Judge Brisbois discussed, the statutory authority for the Government's action to collect unpaid federal income tax is plainly identified on the face of the Complaint. (*See* Compl., at 1 (asserting authority under 26 U.S.C. §§ 7401 and 7403).) Accordingly, the Court agrees with Magistrate Judge Brisbois that "the United States' ability or inability

4

to prove a violation of 26 U.S.C. § 1040 is wholly irrelevant" to whether the Mooney Defendants are entitled to summary judgment, and therefore rejects their objections claiming a lack of statutory authority.  (R&R, at 13.)

### C.    Authority of United States Attorney

The Mooney Defendants also argue that counsel for the United States lacks the authority to bring this suit because *United States* Attorneys cannot sue in the name of the *United States of America*.  (Obj., at 4.)  There are two flaws in this objection, which was raised in the summary judgment motion and rejected in the R&R.  (*See* R&R, at 9.)  First, counsel for the United States, Michael R. Pahl, is a Trial Attorney from the Tax Division of the Department of Justice and not, as the Mooney Defendants assert, a United States Attorney.   Second, even if counsel were a United States Attorney, there is no legal distinction between the United States and the United States of America.  In rejecting this argument when it was raised on summary judgment, Magistrate Judge Brisbois correctly noted that the same argument has been raised and rejected repeatedly in cases throughout the federal courts.  *See, e.g., United States v. Garcia*, No. 13-cr-164 2013 WL 5954688, *5 (D. Minn. Oct. 4, 2013); *United States v. Wacker*, No. 98-3267, 1999 WL 176171, at *2 (10th Cir. Mar. 31, 1999).  The Court must therefore reject the Mooney Defendants' argument as it lacks a legal basis.

### D.    Statute of Limitations

Finally, the Mooney Defendants argue that the 10-year statute of limitations period for the claims that arose from the 2002 and 2003 tax periods expired before the United

5

States filed this suit.   Under 26 U.S.C. § 6502, the government can levy unpaid taxes "within 10 years after the assessment of the tax."  26 U.S.C. § 6502(a)(1).

The Mooney Defendants raise two arguments on this point.   First, they argue that taxes from the 2002 and 2003 periods were assessed in 2003 and 2004, respectively, meaning claims for unpaid taxes from both periods expired before the United States initiated this suit in July 2016.   (Obj., at 6.)  Second, they argue that the form filed by the Government providing notice of the liens against them, which lists the assessment dates, was "illegal" because it was not a "Form 668" as required by 26 C.R.F. § 301.6323(f)-1. (*Id.* at 6–7.)  The Mooney Defendants raised these same arguments in their Motion for Summary Judgment or at the summary judgment hearing before Magistrate Judge Brisbois, and Magistrate Judge Brisbois rejected both in the R&R.   (R&R, at 12–13.) The Court addresses each objection in turn.

In support of their contention that the taxes in question were assessed in 2003 and 2004, the Mooney Defendants rely on a document entitled "Facsimile Federal Tax Lien Document," filed as Exhibit 3 to their Motion for Summary Judgment.   (Ex. Index for Mot. for Summ. J. [Doc. No. 105], at 18.)   The document lists tax assessments against the Mooney Defendants for the years 2002 and 2003 in one chart.   For each year, the form lists two separate assessment dates.   For 2002, it lists one entry with an assessment date of April 14, 2003, and one with a date of August 17, 2006.   For 2003, it lists an assessment dated May 17, 2004, and one dated December 18, 2006.   As is stated in the Complaint, and as the United States made clear at oral argument, the taxes at issue in this case are those assessed in 2006. (*See* Compl.¶ 7.)

6

In support of the allegation in the Complaint, the United States cites Internal
Revenue Service Account Transcripts, filed as Exhibits 1 and 2 to the Memorandum in
Opposition to the Motion for Summary Judgment. (United States Mem. of Law in Opp'n to
Defs. Mot. for Summ. J. [Doc. No. 108], at 1–8.) The Account Transcripts make clear that
the taxes claimed by the United States were assessed in 2006 after the Mooney Defendants'
filings were examined. (*Id.* at 2–8.) Because the 2002 and 2003 taxes were assessed,
respectively, in August and December of 2006, the United States' claims were timely when
they were filed in July 2016. The Court therefore overrules the Mooney Defendants'
objection on this issue.

Alternatively, the Mooney Defendants contend that the form entitled "Facsimile
Federal Tax Lien Document," which provided notice of the liens against them and on which
they rely for their statute of limitations argument, was "illegal" because it failed to meet the
requirements for a "Notice of Federal Tax Lien" under 26 C.R.F. § 301.6323(f)-1. (Obj.,
at 6–7.) This contention, which Defendant William J. Mooney first raised at oral
argument, was also addressed by Magistrate Judge Brisbois in the R&R. (R&R, at 12 n.
4.) As Magistrate Judge Brisbois noted, the Internal Revenue Regulations provide, in
relevant part, that notice of a lien "shall be filed on Form 668." 26 C.R.F. § 301.6323(f)-
1(d)(2). The Mooney Defendants' contention is that because the form in question was
not labeled "Form 668," it was legally insufficient to provide notice.

Section 301.6323(f)-1(d)(2) provides in full:

**Form 668 defined.** The term Form 668 means either a paper form or a
form transmitted electronically, including a form transmitted by facsimile
(fax) or electronic mail (e-mail). A Form 668 must identify the taxpayer,

7

040

the tax liability giving rise to the lien, and the date the assessment arose regardless of the method used to file the notice of Federal tax lien.

The form in question here was not labeled "Form 668," but instead states "This Lien Has Been Filed in Accordance with Internal Revenue Regulation 301.6323(f)-1." (Ex. Index for Mot. for Summ. J. at 18.)   The form identifies the Mooney Defendants as taxpayers, and identifies the tax liabilities giving rise to the liens and their dates of assessment.   (*Id.*) Furthermore, the Court does not understand the Mooney Defendants to argue that they did not have notice of the liens against them.   In fact, in their Motion for Summary Judgment they argue instead that they have been deprived of due process because there was no additional documentation accompanying the notice of liens.   (Mem. of Law [Doc. No. 84], at 12.)

In short, the Mooney Defendants do not assert that they lacked actual notice of the liens, but rather that the notice was technically invalid.   According to the Eighth Circuit "[t]he sufficiency of notice is a question of federal law," and "'[t]he test is not absolute perfection in compliance with the statutory requirement for filing the tax lien, but whether there is substantial compliance sufficient to give constructive notice and to alert one of the government's claim.'"  *Tony Thornton Auction Serv., Inc. v. United States*, 791 F.2d 635, 638–39 (8th Cir. 1986) (quoting *United States v. Sirico*, 247 F.Supp. 421, 422 (S.D.N.Y.1965)).   Without question the form here was sufficient to give notice of the claim against the Mooney Defendants.   It contained all the required information and identified itself as a lien document in accordance with Regulation 301.6323(f)-1, and the Mooney Defendants do not deny knowledge of its existence.   The Court therefore agrees

8

with Magistrate Judge Brisbois that the notice was valid and overrules the Mooney

Defendants' objection.

## IV.   CONCLUSION

For the reasons stated, the Court concludes that the magistrate judge did not err in

concluding that the Mooney Defendants' Motion for Summary Judgment must be denied.

Accordingly, the Court overrules all objections, and adopts the R&R.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants' Objections [Doc. No. 113] to the Magistrate Judge's
   November 2, 2017 Report and Recommendation are **OVERRULED;**

2. The Court **ADOPTS** the Report and Recommendation [Doc. No. 112];
   and

3. Defendants' Motion for Summary Judgment [Doc. No. 83] is **DENIED.**


Dated: February 15, 2018                    s/Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States District Judge

9

042

CERTIFICATE OF SERVICE

I certify that service of the foregoing Response in Opposition to plaintiffs' "Motion to

Toll the Time to File a Reply to Docket 6 Until The Expedited Motion on Standing of

MARGARET E. SHEER, 'The UNITED STATES' and 'UNITED STATES OF AMERICA' Is

Determined by The Court," and to plaintiffs' "Expedited Motion on The Standing of

MARGARET E. SHEER, 'The UNITED STATES' and the 'UNITED STATES OF

AMERICA'" has been made on plaintiffs, *pro se*, on this 26th day of August, 2019, by mailing a

copy thereof, in a postage prepaid envelope, to the following address:

> William Joseph Mooney and Joni Therese Mooney
> 409 6th Ave., NW
> Little Falls, MN  56345

> Court of Federal Claims Section
> U.S. Department of Justice
> Tax Division
> Post Office Box 26
> Ben Franklin Post Office
> Washington, D.C.  20044
> (202) 307-6440

1