# In the United States Court of Federal Claims

No. 19-987C

(Filed: August 27, 2019)

**UNPUBLISHED**

| | |
|---|---|
| WILLIAM JOSEPH MOONEY and JONI THERESE MOONEY, ) ) ) ) | |
| Plaintiffs, ) ) | Pro Se Complaint; <u>Sua Sponte</u> Dismissal for Lack of Subject |
| v. ) ) | Matter Jurisdiction, RCFC 12(h)(3). |
| THE UNITED STATES, ) ) | |
| Defendant. ) ) | |

<u>ORDER</u>

    Plaintiffs William Joseph Mooney and Joni Therese Mooney filed a complaint with the court on July 9, 2019. <u>See</u> ECF No. 1. Also pending before the court are: (1) plaintiffs' motion for an expedited stay of judgment and stay of eviction, ECF No. 4; (2) plaintiffs' motion for an extension of time to file their reply in support of the motion for an expedited stay of judgment, ECF No. 7; and (3) plaintiffs' expedited motion on standing, ECF No. 8. Because the court lacks subject matter jurisdiction over plaintiffs' claims, the court must dismiss this case <u>sua sponte</u> pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). <u>See</u> RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court's jurisdictional analysis is set forth below.

I.    Background

    Plaintiffs' complaint is 122 pages in length, with attachments that exceed 500 pages. <u>See</u> ECF No. 1. The court will summarize the allegations therein to the extent that they are relevant to determining whether this court has jurisdiction to hear this case. Plaintiffs' claims appear to be a collateral attack on court proceedings before the United States District Court for the District of Minnesota. Plaintiffs allege that "NELSON, PAHL, and BRISBOIS and different agents of the United States of American and of the United States lied to" them. <u>See id.</u> at 13. The referenced individuals were involved with

the district court case brought against plaintiffs by the Department of Justice: Judge Susan Richard Nelson and Magistrate Judge Leo I. Brisbois presided over the district court case, and Michael R. Pahl, represented the Tax Division of the United States Department of Justice on the case. See ECF No. 1-7 at 24 (docket sheet for district court case).

The government's complaint was filed against plaintiffs in the district court "to reduce federal tax and penalty assessments to judgment and enforce federal tax liens" against plaintiffs' property located in the District of Minnesota. See United States v. Mooney, et al., Case No. 16-2547, ECF No. 1. Judge Nelson ruled against plaintiffs, granting the government's motion for summary judgment and directing a monetary payment from plaintiffs for federal income tax debts and frivolous-filing penalties, along with authorizing the sale of plaintiff's property to satisfy these outstanding federal income tax liabilities. See id., ECF No. 151. Plaintiffs then filed a motion to dismiss and motion to vacate judgment. See id., ECF No. 157. On February 6, 2019, the district court denied plaintiffs' motion to dismiss and motion to vacate judgment, and ordered the authorization of the sale of plaintiffs' property. See id., ECF Nos. 171, 172.

Plaintiffs appealed the district court's decision to the United States Court of Appeals for the Eighth Circuit. See id., ECF No. 192. On May 13, 2019, plaintiffs filed a "Motion to Withdraw and Terminate this Appeal Expeditiously" in the Eighth Circuit. See United States v. Mooney, et al., Case No. 19-1533 (8th Circuit) (docketed as a motion to dismiss case). Plaintiffs' motion to withdraw states that "they are ready now to also file in the United States federal Court of Claims but have discovered . . . the United States Federal Court of Claims would dismiss their New Case as the Appeal that was filed into the 8th Circuit is considered a case 'pending' under 28 U.S.C. § 1500 precluding filing into the United States Federal Court of Claims." See id. at 1. On May 15, 2019, the Eighth Circuit granted plaintiffs' motion to dismiss their appeal. See United States v. Mooney, et al., Case No. 16-2547, ECF No. 195. The Eighth Circuit's mandate was issued and entered on the district court's docket the same day. See id., ECF No. 196.

The complaint before this court notes that plaintiffs "terminated the 'Appeal' to the 8th Circuit upon discovering they two different venues was not allowed," presumably in favor of the case now at bar. ECF No. 1 at 12. Plaintiffs allege that "[t]hey denied the Mooneys access to a bona fide Court of the United State arising under Article III Sections one and two." Id. at 13. Although "they" as used in this sentence is not clearly defined, the allegations seem to reflect plaintiffs' claim that they were denied access to the courts as a result of the lies told to plaintiffs by Judge Nelson, Magistrate Judge Brisbois, and Mr. Pahl. See id. Plaintiffs also accuse Judge Nelson and Mr. Pahl of misconduct in the course of the district court litigation. See id. at 12 (claiming that "PAHL working with NELSON are guilty of 'Spoliation of evidence'"). And plaintiffs further allege that the government improperly took their property through proceedings in the "faux Article III Courts." See id. at 13-14.

Plaintiffs then write, in detail, about issues such as the nature of the courts established by Article III of the Constitution of the United States, the sovereignty of individuals in this country, and tax policy, among other topics. See generally id. In the course of this extended discussion, plaintiffs refer to various constitutional rights, see, e.g., id. at 23 (referencing the Thirteenth and Fourteenth Amendments); id. at 26 (referencing the Seventeenth Amendment); id. at 33 (referencing the Sixteenth Amendment), as well as torts allegedly committed by the Internal Revenue Service and the State of Minnesota, id. at 119 (alleging fraud).

II.   Legal Standards

   A.   Pro Se Litigants

The court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of a common law pleading. Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Therefore, plaintiff's complaint has been reviewed carefully to ascertain whether, given the most favorable reading, it supports jurisdiction in this court.

   B.   Jurisdiction

"A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt." Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted). The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491 (2012). That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted). These include money damages claims against the federal government founded upon the Constitution, an act of Congress, a regulation promulgated by an executive department, any express or implied contract with the United States, or any claim for liquidated or unliquidated damages in cases not sounding in tort. Id. (citing 28 U.S.C. § 1491(a)(1)).

III.   Analysis

   A.   Lack of Subject Matter Jurisdiction

As described above, the gravamen of this complaint is plaintiffs' dissatisfaction with the proceedings in the United States District Court for the District of Minnesota. The Tucker Act, however, does not give this court jurisdiction to consider the merits of a collateral attack on those proceedings. See 28 U.S.C. § 1491(a); see, e.g., Shinnecock Indian Nation v. United States, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."); Vereda, Ltda. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("The Court of Federal Claims 'does not have jurisdiction to review the decisions of district courts.'") (quoting Joshua v. United States,

3

17 F.3d 378, 380 (Fed. Cir. 1994)). See also Allustiarte v. United States, 256 F.3d 1349, 1351-52 (Fed. Cir. 2001) (holding that the Court of Federal Claims lacked jurisdiction to adjudicate a takings claim based on "an allegedly improper action by a bankruptcy trustee that was approved by a Ninth Circuit bankruptcy court"). In order to challenge proceedings in a federal district court, a plaintiff must rely on "the statutorily defined appellate process." Shinnecock, 782 F.3d at 1353 (citation omitted).

To the extent that plaintiffs intend to allege that the actions of Judge Nelson, Magistrate Judge Brisbois, or Mr. Pahl violated their constitutional rights, jurisdiction is likewise lacking in this forum. It is well settled that violations of a plaintiff's constitutional rights by a federal official do not fall within this court's jurisdiction. Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997).

And finally, this court cannot consider any claims sounding in tort. See 28 U.S.C. § 1491(a)(1) (limiting this court's jurisdiction to "cases not sounding in tort"). Because plaintiffs' allegation of fraud is tortious in nature, this court is without authority to consider it. See Kant v. United States, 123 Fed. Cl. 614, 616-17 (2015) (declining to exercise jurisdiction over a fraud claim because it sounded in tort); Brown, 105 F.3d at 623-624.

For these reasons, the court lacks jurisdiction over plaintiffs' claims, and their suit must be dismissed. RCFC 12(h)(3).

B.   Transfer

Because plaintiffs' complaint is not within this court's jurisdiction, the court considers whether transfer to another federal court is appropriate. Transfer of cases from this court to a district court is governed by 28 U.S.C. § 1631 (2012), which states in relevant part, as follows:

> Whenever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Id. In the court's view, transfer would not serve the interests of justice in this case. Plaintiffs have already availed themselves of an appeal to the Eighth Circuit of their district court case, and subsequently made a conscious decision to abandon that effort and proceed in this court. See ECF No. 1 at 12; see also United States v. Mooney, et al., Case

No. 19-1533 (8th Circuit).  The court will not use its transfer power to compensate for plaintiffs' decision.

IV.     Conclusion

The complaint in this case must be dismissed on jurisdictional grounds.  As such, plaintiffs' motion for an expedited stay of judgment and stay of eviction, ECF No. 4, is **DENIED** as moot; plaintiffs' motion for an extension of time to file their reply in support of the motion for an expedited stay of judgment, ECF No. 7, is **DENIED** as moot; and plaintiff's expedited motion on standing, ECF No. 8, is **DENIED** as moot.

The clerk's office is directed to **ENTER** final judgment for defendant **DISMISSING** plaintiffs' complaint for lack of subject matter jurisdiction, without prejudice.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Judge