# In the United States Court of Federal Claims

No. 19-987C

(Filed: October 2, 2019)

**UNPUBLISHED**

| | |
|---|---|
| WILLIAM JOSEPH MOONEY and JONI THERESE MOONEY, ) ) ) ) | |
| Plaintiffs, ) ) | Motion for Reconsideration. |
| v. ) ) | |
| THE UNITED STATES, ) ) | |
| Defendant. ) ) | |

ORDER

Plaintiffs William Joseph Mooney and Joni Therese Mooney filed a complaint with the court on July 9, 2019. See ECF No. 1. On August 27, 2019, the court dismissed the complaint sua sponte for lack of jurisdiction. See ECF No. 10. On September 23, 2019, plaintiffs moved the court to reconsider its decision dismissing the complaint pursuant to Rule 59 of the Rules of the United States Court of Federal Claims (RCFC). See ECF No. 12.

I.  Background[1]

The court previously concluded that it lacked jurisdiction and dismissed plaintiffs' complaint for three reasons. First, the court concluded that "the gravamen of [the] complaint is plaintiffs' dissatisfaction with the proceedings in the United States District Court for the District of Minnesota. The Tucker Act, however, does not give this court jurisdiction to consider the merits of a collateral attack on those proceedings." ECF No. 10 at 3 (citing inter alia 28 U.S.C. § 1491(a); Shinnecock Indian Nation v. United States, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("Binding precedent establishes that the Court of

---

[1] The court explained the relevant facts underlying plaintiffs' complaint in its order dismissing the case. See ECF No. 10. In order to focus on plaintiffs' presently pending motion, those facts are not repeated here.

Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."). Second, the court held that it lacked jurisdiction to consider any constitutional violations allegedly committed by federal officials. See id. at 4 (citing Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997)). Finally, the court found that to the extent plaintiffs' intended to allege claims sounding in tort, such as fraud, jurisdiction was likewise lacking. Id. at 4 (citing 28 U.S.C. § 1491(a)(1) (limiting this court's jurisdiction to "cases not sounding in tort"); Kant v. United States, 123 Fed. Cl. 614, 616-17 (2015) (declining to exercise jurisdiction over a fraud claim because it sounded in tort); Brown, 105 F.3d at 623-24).

The court also considered whether transferring the case to a court with jurisdiction would appropriate. Because plaintiffs "have already availed themselves of an appeal to the Eighth Circuit of their district court case, and subsequently made a conscious decision to abandon that effort and proceed in this court," the court decided that it would "not use its transfer power to compensate for plaintiffs' decision." ECF No. 10 at 4-5.

Plaintiffs now move for reconsideration of this decision. See ECF No. 12.

II.   Legal Standards

   A.   Pro Se Litigants

The court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of a common law pleading. Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Therefore, plaintiffs' motion has been reviewed carefully to ascertain whether, given the most favorable reading, it supports the requested relief.

   B.   Motion for Reconsideration

Rule 59(a) governs a motion for reconsideration, and provides that rehearing or reconsideration may be granted: "(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States." RCFC 59(a)(1).

The court, "in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'" Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting Young v. United States, 94 Fed. Cl. 671, 674 (2010)). Motions for reconsideration must be supported "by a showing of extraordinary circumstances which justify relief." Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (2000)). Such a motion, however, "may not be used

2

to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). In addition, "a motion for reconsideration is not intended . . . to give an 'unhappy litigant an additional chance to sway' the court." Matthews v. United States, 73 Fed. Cl. 524, 525 (2006) (quoting Froudi v. United States, 22 Cl. Ct. 290, 300 (1991)).

III.  Analysis

Plaintiffs' motion for reconsideration, together with attachments, exceeds 600 pages. The brief in support of the motion is not a model of clarity, but can be fairly described in two parts—the first, an argument about the nature and authority of federal courts; and the second, an attempt to reargue the merits of their underlying claims, which the court has previously dismissed. In an apparent effort to address the requirements of RCFC 59, plaintiffs do assert that they "have evidence based on the Common Law Rules of New Evidence," and proceed to quote passages addressing this "doctrine" at some length. See ECF No. 12 at 22-23. The court was, however, unable to identify any new evidence in plaintiffs' filing.

Plaintiffs have failed to demonstrate an intervening change in controlling law, newly discovered evidence, or any clear error in the court's decision dismissing the complaint. See Biery, 818 F.3d 704, 711. It appears, instead, that this motion falls into the prohibited category of filings in which an unhappy litigant makes an additional attempt to sway the court. See Matthews, 73 Fed. Cl. at 525.

IV.  Conclusion

Accordingly, plaintiffs' motion for reconsideration, ECF No. 12, is **DENIED**.

On September 26, 2019, the clerk's office received a "Notice of Lis Pendens Filing on the Property of the Mooneys." The filing was defective in several respects, but because the court has no jurisdiction in this matter, the clerk's office is directed to **RETURN** plaintiff's September 26, 2019 submission to plaintiffs, **UNFILED**. Without further order, the clerk's office is directed to **RETURN** any future submissions received by plaintiff that are not in compliance with this court's rules to plaintiff, **UNFILED**.

IT IS SO ORDERED.

*Patricia Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge